## WATTS v. RUTLEDGE.

### No. 2656.

Court of Civil Appeals of Texas. Eastland.

April 23, 1948.

Rehearing Denied May 28, 1948.

R. L. Rust, of Eastland, for appellant.

Edward Brown, of Cisco, for appellee.

LONG, Justice.

This is a child custody case. Appellee W. J. Rutledge and the appellant, Kelsie Rutledge Watts, were married to each other on the 30th day of June, 1940. The child involved herein, Sandra Ann Rutledge, a girl, was born to such marriage on the 7th day of October, 1942. Thereafter, on July 11, 1946, appellant and appellee were divorced and the custody of the child, by agreement of the parties, was divided between them. On August 6, 1946, appellant was married to J. G. Watts. After appellant had married J. G. Watts, she filed a petition asking for exclusive custody of the child. On February 14, 1947, upon a hearing, the parties appeared and by agreement, judgment was entered awarding the custody of said child to the appellant. On May 7, 1947, appellant separated from J. G. Watts and since such time, appellant and her husband have not lived together as husband and wife. Appellee filed this suit asking for full custody of the child, alleging changed conditions since the entering of the judgment by the court awarding the custody to the appellant. Upon a hearing, the trial court entered judgment awarding custody of the child to the appellee for nine months of each year and to the appellant for three months of each year, from which judgment appellant has appealed.

It is the contention of the appellant that the court erred in awarding custody of the child to appellee for a portion of the time and that in view of the fact that the child is of tender years, that the full custody should have been awarded its mother, appellee herein. This case has been earnestly presented by able counsel for each side, both by oral argument and in their respective briefs.

The Legislature has vested in the District Judges of Texas the authority to award, in divorce proceedings, custody of children under sixteen years of age. The trial court filed findings of fact and conclusions of law. These findings have support in the evidence. We quote as follows from such findings of fact:

"VI. That on the occasion of the defendant leaving her husband in the town of Kermit, as above found, she took her said child with her to the town of Monahans and that after arriving at said town, and having no place to keep the said child, she carried her, under recommendation of a strange young man, to the home of a woman, a stranger to the defendant, and who was living in a one-room, box house,

which was occupied by herself and five other people, and requested that the woman in charge keep her said child through the night, promising that she would return for the child the following morning; that the defendant did not return for the child the next morning, or at any time thereafter; that the child remained on the said premises of this woman for about two days and two nights; that at the expiration of that time, the woman in charge where the child had been left, communicated with the sheriff of Ward County, advising him of the above facts, and asked that he assist in locating the mother of the child; that the Ward County sheriff communicated with the sheriff of Winkler County at Kermit and through the efforts of these officers, a relative of the defendant's husband, J. G. Watts, was located and the relative immediately thereafter went to the town of Monahans, located the said child and took her to her home in Kermit, Texas, and kept her for about two days and nights, at which time, the officers at Kermit notified the mother of plaintiff, at Cisco, of the whereabouts of the said child and immediately thereafter, the plaintiff drove in an automobile to Kermit and brought the child to the home of his mother in Cisco, Texas; that shortly thereafter the plaintiff filed his petition in the above entitled and numbered cause, asking that the previous order of the Court, entered on February 14, 1947, be modified and changed and that the plaintiff be awarded the full time custody of the said child.

"VII. I find that since the defendant has separated from her husband, J. G. Watts, that she has secured employment at several different places, but at the time of the trial of this case, had no permanent employment; was living with her mother in Cisco, Texas; that she owns no home of her own and no property as shown by the evidence; that she had intended, if she had secured full custody of the child, to live with her mother in Cisco and keep the child with them, and she plans to keep said child with her at the home of her mother for such time as she has custody of her.

"VIII. I find that the father of said child is an able-bodied man about thirty-two years of age; is now single and re-sides with his mother in Cisco, Texas; that the plaintiff and his mother are fond of said child and desire to have her in their home; that plaintiff is earning sufficient money to support himself, his mother and the said child; that he now resides with his mother in Cisco in a rented house, which is comfortable and comfortably furnished, the rent on said property being paid by plaintiff; that the mother of the plaintiff has some means of her own and is willing and anxious to assist in any way possible in taking care of the said child while she is with the plaintiff.

"IX. I find that the plaintiff is a suitable person to have the custody of the said child and that the home of his mother is a suitable home for said child; that the environments at this home seem better suited for the said child during the school periods.

"X. I find that the defendant, the mother, loves the said child but has at times neglected her, especially during the period of time that she was at Monahans; that the environment of the home that defendant would furnish said child would not be as favorable as the plaintiff could furnish and that she could not furnish to said child during the school periods as suitable a home as the plaintiff is able and willing to do; that the defendant can, if she is willing to do so, provide a comfortable home for the said child during that period of time to which she has been awarded her custody."

Based upon the above findings of fact, the trial court concluded that the best interest of the child would be served and promoted by awarding the custody to her father for nine months of each year and to her mother for three months of each year and entered judgment accordingly.

■ In cases of this nature, the paramount issue is the best interest of the child. In this case, the trial court had an opportunity to see and observe the parties, their conduct and demeanor upon the trial of the case. It was his province to weigh the testimony. The best interest of the child should have been, and we feel was, the paramount issue decided by the court.

No judge is infallible. However, we are constrained to hold that the evidence supports the judgment entered by the court below. It is true that some Courts of Civil Appeals have held that where all things are equal, the custody of a child of tender years should be placed with its mother. However, all of the authorities we have been able to find are to the effect that the controlling issue is the best interest of the child. The authorities are so numerous along this line that it seems unnecessary to cite a great number of them. We will content ourselves with citing only a few. Bohls v. Bohls, Tex. Civ.App., 188 S.W.2d 1003; Wilton v. Spencer, Tex.Civ.App., 140 S.W.2d 306; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99.

We have carefully reviewed the evidence adduced upon the trial and it is our conclusion that there is no abuse of discretion on the part of the trial court shown. We do not deem it necessary to set out the testimony offered by each party. The record shows a very unfortunate situation and one that places a great responsibility upon the trial court in determining the custody of this little girl. There is no order that the court could have entered that would have been satisfactory to the parties involved. But the court is not concerned with the interest of any one connected with the case other than the child.

We feel sure that the parties are interested in the welfare of the child and it is to be hoped that they will lose sight of personalities and join hands in seeing that this little girl is given the very best of care possible and that she will be trained and educated in such a way that she will love and respect both of her parents and that she will grow into a useful and worthy citizen.

Judgment of the trial court is affirmed.

### On Motion for Rehearing.

Our attention has been directed, in the motion for rehearing filed by appellant, to the fact that we did not clearly pass upon her contention that the trial court was not authorized to divide the custody of the minor child between the appellant and appellee. In deference to the motion, we have again carefully reviewed the record and the authorities bearing upon this question. Insofar as we have been able to determine, no case in Texas holds that a trial court is without authority to divide custody of a child between the parents. Such decrees have been criticized by the courts. In the case of Martin v. Martin, Tex.Civ. App., 132 S.W.2d 426, in an opinion by the late Judge Alexander, while a member of the Waco Court, a judgment awarding the custody of the child part time to each of the parents was held to be unwise. On the other hand, there are many cases in which similar orders have been sustained by our courts.

The trial court in this case found:

"* * * that the environment of the home that defendant would furnish the child would not be as favorable as the plaintiff could furnish and that she could not furnish to said child during the school periods as suitable a home as the plaintiff is able and willing to do; that the defendant can, if she is willing to do so, provide a comfortable home for the said child during that period of time to which she has been awarded her custody."

The foregoing findings have support in the evidence. It is therefore apparent if the trial court concluded a better home could be furnished the child during the school term by its father, it was the duty of the court to place said child in such home during the time she would be in school. No doubt, the trial court had in mind that during the summer months, when the child was not in school, it would be proper and fitting to place the child in the home provided by the mother. We have no way of knowing all of the things the trial court considered when he entered the judgment. The child is entitled to the love and affection of both her parents. But due to the unfortunate circumstances of a separation and divorce of the parents, she was deprived, to a certain extent, of constant association with both of them. Consequently, the trial court did the next best thing. After hearing all of the facts and circumstances in the case, he concluded that it would be to the best interest of the child to live in the home of her father

998

during the school term and in the home of her mother during the summer vacation. After all, the paramount issue is the best interest of the child. Unless the trial court abused its discretion in dividing the custody, we would not be authorized to disturb its judgment. We are unable to see any abuse of discretion in entering a judgment dividing the custody under the facts in this case.

The motion for rehearing is overruled.