# CRAWFORD v. CRAWFORD.

## No. 6230.

Court of Civil Appeals of Texas.   Amarillo.
June 16, 1952.

C. D. Bourne, Jr., Dumas, for appellant.
F. H. Richards, Dalhart, for appellee.

PITTS, Chief Justice.

This appeal arose out of a divorce action but involves only the custody of a five year old child. Appellant, Mary Erlene Crawford, sued appellee, Felton Crawford, on September 4, 1951, for a divorce, custody of a minor daughter, Sandra Sue Crawford, born to their marriage on January 23, 1947, and for a division of community property. On January 21, 1952, appellee answered with a denial of appellant's right to recover and through a cross-action sought a divorce and the custody of the child himself, alleging that appellant was not a fit and proper person to have the child's custody.

On January 28, 1952, the case was tried to the court without a jury. Both parties appeared with their attorneys, respectively, and contested the issues of divorce and of custody of the child. In its judgment the trial court denied appellant any recovery but found appellee was entitled to a divorce and to have custody and care of the minor child with visitation privileges allowed its mother at reasonable times and places. It rendered judgment accordingly and likewise divided their community property equally. From the said judgment appellant perfected her appeal only as to the awarding of the custody of the child.

In perfecting an appeal in a case such as this appellant is charged with the responsibility of tendering the record to the Clerk of the Court of Civil Appeals with all necessary prerequisites performed in due time for filing the same in the appellate court within a period of time fixed by the rules of procedure. In presenting the record for appeal in this case, appellant on March 13, 1952, tendered the record for filing in this court without the statement of facts having been filed in the trial court. On the said date the transcript was timely filed in this court but the statement of facts was returned by the clerk of this court on the same day to appellant's counsel with his approval to be filed in the trial court as a prerequisite to tendering it for filing in this court. However, the statement of facts was not again tendered to this court for filing until May 28, 1952. The record reveals that on March 19, 1952, the clerk of the trial court filed the statement of facts but dated the same back to March 7, 1952, and the said statement of facts now bears the trial court's file mark and signature as of date March 7, 1952. The record further reveals that the trial court's judgment was rendered and dated January 28, 1952, and that appellant had ample time, after the statement of facts had been returned to her counsel, to have the file mark of the trial court impressed thereon and then to have

had the same timely filed in this court if due diligence had been exercised. Rule 381, Texas Rules of Civil Procedure, allowed appellant 50 days from the date of the rendition of the judgment on January 28, 1952, for filing the statement of facts in the trial court with the privilege of an extension of 10 days for good cause shown. For good cause shown appellant could have had the time for filing the same in the trial court extended to March 28, 1952. Rule 386 allowed appellant 60 days from the date of the judgment to file the statement of facts in this court with a reasonable extension of time granted for good cause shown, provided her motion for such an extension of time had been filed in this court not later than 15 days after the expiration of the said 60 day period or from the date of March 28, 1952. But the provisions of these rules have not been complied with and appellant has not sought to show why such have not been complied with.

On May 24, 1952, appellee filed his motion in this court asking for a dismissal of the appeal for the alleged reason no statement of facts had been filed in this court. On May 28, 1952, appellant answered the said motion alleging that the said statement of facts had been tendered for filing in this court on March 13, 1952, but was not filed because it had not been filed in the trial court and that the failure to have the same filed in the trial court had since been corrected. Simultaneously therewith and on the same date of May 28, 1952, appellant filed her motion to have the said statement of facts filed in this court and tendered the same together therewith and asked in her said motion that the clerk of this court be directed to file the said statement of facts as of date March 13, 1952. Nowhere does appellant attempt to excuse lack of diligence in a failure to tender the statement of facts in this court earlier than May 28, 1952, although the same could have been timely filed in the trial court for good cause shown on March 19, 1952, and then had ample time to have the same filed in this court on or before March 28, 1952, in compliance with all the rules governing such a matter. In her said motion appellant did not attempt to show good cause for delay or to excuse lack of diligence in her failure to tender the statement of facts in due time for filing in this court. In her said motion appellant seeks to have the statement of facts filed in this court of date March 13, 1952, the very date it was tendered here for filing without having been first filed in the trial court.

It was held in the case of Mossler Acceptance Co. v. Burwell, 205 S.W.2d 622, that a statement of facts which had not been filed in the trial court was not eligible to be filed in the Court of Civil Appeals. It was further held there that even though a statement of facts had been filed in the Court of Civil Appeals without having been first filed in the trial court, the same would be stricken, disregarded and not considered by such appellate court and this court so held in the case of Parrish v. Parrish, 214 S.W. 2d 700. The clerk of this court therefore properly refused to file the statement of facts tendered here for filing on March 13, 1952, when the same had not been filed in the trial court. The clerk of this court is not authorized to file the statement of facts now as of March 13, 1952. The request or proposal made by appellant to file the statement of facts in this court now as of date March 13, 1952, or a proposal to file any instrument under any circumstances and date it back as of some previous date does not comply with the rules of civil procedure and therefore cannot be approved by this court. Neither can this court arbitrarily extend the time for filing a statement of facts in such a case unless good cause is shown as required by Rule 386. Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585.

For the reasons stated appellant's motion to file the statement of facts in this court at this late date is overruled and the statement of facts cannot be considered on this appeal. It therefore must be presumed that the facts presented in the trial court supported the trial court's judgment in the absence of any findings other than those stated in the trial court's judgment and in the absence of a request for any other findings. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363.

■ Appellee's motion to dismiss the appeal is likewise overruled inasmuch as the timely filing by appellant of the transcript in this court gives it jurisdiction without the filing of the statement of facts. Darden v. Davies, Tex.Civ.App., 217 S.W.2d 892, and Rigdon v. Panhandle Pub. Co., Tex.Civ. App., 233 S.W.2d 230.

In her first point appellant complains because the trial court read and considered a report made by a member of the Child Welfare Department of the State of Texas for the purpose of aiding the court in evaluating the testimony concerning the custody of the child. The trial court's judgment said in part:

> "* * * having read and considered the report of the Child Welfare Department of the State of Texas, made and filed herein with the knowledge and consent of plaintiff and defendant through their respective attorney-of-record for the purpose of aiding the court in evaluating the testimony given on the trial of this case and determining what would be for the best interest and welfare of the minor child involved herein in regard to awarding of her custody * * *."

It will be seen that the trial court has asserted in its judgment that the report in question was made and filed with the knowledge and consent of the parties through their respective attorneys. The record reflects that the attorney who first represented appellant and who filed her original petition did not represent her at the trial. She was there represented by another attorney who perfected her appeal and her original attorney in the case did not participate in the trial or in the appeal. But the record does not reflect when appellant changed attorneys. In his brief appellee's attorney states, without contradiction, that the agreement for the court to appoint a representative of the State Child Welfare Department to make an investigation of the case and file a written report of the facts concerning the same was made, with the trial court's approval, between appellant's original attorney in the case and appellee's attorney, who represented the parties, respectively, at that time.

■ Article 4639a, Vernon's Texas Civil Statutes, makes it the duty of a trial court in a case such as this to inquire into the surrounding conditions and circumstances of the child and each of its parents before awarding the custody of the child to either parent and to then consider the results of such findings in determining what is best for the child. In determining such matters the trial court has broad equitable powers. The record before us does not reflect what the Welfare report contained and we have no way of knowing what it contained. But the trial court made a direct finding to the effect that the report of the investigator was made and filed with the knowledge and consent of the parties, respectively, through their attorneys for the purpose of aiding the court in determining what was best for the child. Under the record presented to us we must accept the finding as being true. Appellant must not now be heard to attack the very action of the trial court to which she and her attorney representing her at that time were parties. It is our opinion that the action of the trial court with the knowledge and consent of the parties through their attorneys in receiving and considering the report of the State Welfare worker for the purpose of aiding the court in evaluating the testimony heard concerning the best interest of the child did not constitute error. Luman v. Luman, Tex.Civ.App., 231 S.W.2d 555, and other authorities there cited.

■ Appellant further charges in her second point that the trial court erred in awarding custody of the child to appellee. Article 4639 authorizes the trial court to give the custody of a child, such as the one being here considered, either to its father or its mother, as the court may deem right and proper. An award made by the trial court will not be disturbed on appeal unless it is shown that the trial court abused its discretion in making the award. Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693, and other authorities there cited. For reasons previously stated it must be presumed that there were existing facts to support the trial court's judgment and that such were so found by the trial court. In its judgment the trial court found that the child

should be awarded to appellee. In so doing it must be presumed that the trial court further found that such would be for the best interest of the child. In view of the well recognized rule of law to the effect that, "other things being equal" as between the parents of such a child, it is usually awarded to its mother, if she be found a fit and proper person to have it, we must presume that the trial court found in this case that other things were not found to be equal as between the parents but the merits of the father for the care and responsibility of the child outweighed whatever merits the mother possessed for such care and responsibility. Appellant cites and relies on many familiar cases holding, in effect, that in such cases the custody of a child of tender years is usually awarded to its mother rather than to its father if and when the mother is found to be a fit and proper person to have its custody. In the case at bar the trial court did not actually file any finding as to appellant's moral qualifications and it was not requested to make and file any findings concerning such an issue. However, if the award here made is to be determined upon that issue, it will be presumed that the trial court found that the moral fitness of the child's father was more to be desired than the moral fitness of its mother. For the reasons stated we do not sustain appellant's charges of error as a result of the award made to appellee.

Although, for reasons previously stated, the statement of facts was not timely presented for filing in this court, and its contents cannot be here considered, yet it will be of interest, because of the seriousness of the issue here presented, to know that the evidence found in the statement of facts, if fully considered, would not probably have changed the result in any event. An examination of the statement of facts reveals that on March 25, 1946, appellant at age 23 married appellee, whose age was 22; that appellant had been previously married and was divorced from her previous husband on March 12, 1946, only a few days before her second marriage; that while living with appellee in Texhoma, Sherman County, Texas, in a small home

they had purchased on the credit appellant took a course of treatments from Doctor D. T. Thrower, a chiropractor engaged in practice in Dumas, Moore County, Texas. Appellant began the treatments on February 7, 1951, took them two or three times each week for a period of seven months when she suddenly took the child and left appellee on or about August 30, 1951, while he was away from home and without any notice to appellee, filed her petition for a divorce five days thereafter, moved immediately to Dumas, rented an apartment in the same building where Doctor Thrower had his office and began work for the said doctor as receptionist. Immediately after appellee found his wife and child were gone, he visited his wife and urged her to return to him for the sake of the child and they would finish paying for their home and get along somehow. She refused to return to him but began working soon thereafter for Doctor Thrower with whom she became infatuated and they soon began making plans to be married after appellant was divorced from appellee. Doctor Thrower, whose age was 39, had been twice divorced from his previous wife. He had provided living quarters for himself and appellant after their marriage and had bought engagement rings for appellant. As a witness appellant admitted she had been indiscreet in her conduct toward other men since she and appellee were married. She admitted that she had recently embraced and kissed Doctor Thrower in the presence of her child, Sandra Sue. Evidence was heard raising an issue of the recent existence of immoral relationships between appellant and Doctor Thrower, both of whom testified at the trial and denied that they had been guilty of any immoral relationships. But these matters were to be determined by the sound discretion of the trial judge.

The statement of facts reveals also that appellee had been voluntarily paying $30 per month to appellant, with whom the child had been living, for its support. It further appeared that appellee had arranged with his own married sister to help him care for the child in the event its custody should be awarded to him. His said sister appeared

as a witness and gave testimony to the effect that she and her family would help provide a good home for the child.

These and other witnesses appeared before the trial court. Doubtless the trial court weighed the evidence carefully and closely observed the conduct and demeanor of every witness who appeared at the trial and particularly the principals to this action. Although the statement of facts was not timely tendered for filing in this court for its consideration, an examination of it reveals that the trial court acted within its lawful discretion in awarding the child to appellee.

For the reasons stated appellant's points of error are overruled and the judgment of the trial court is affirmed.