Chester G. **ROOT**, Appellant,

v.

Henry **HESTER** et al., Appellees.

No. 3361.

Court of Civil Appeals of Texas.

Eastland.

Jan. 24, 1958.

Rehearing Denied Feb. 7, 1958.

V. K. Wedgworth, Mineral Wells, for appellant.

Sam Russell, Stephenville, Lloyd Bouden, Mineral Wells, for appellees.

COLLINGS, Justice.

■ Henry Hester and wife brought suit against Chester G. Root for an injunction and for damages for the alleged tearing down and destruction of a portion of the yard fence enclosing their house and lot. Chester Root answered and filed a cross-action against the Hesters, also naming the City of Mineral Wells as a cross-defendant. Root alleged ownership of lot 1, block 3 of the Slaughter and Barber North Addition to the City of Mineral Wells for which he sought judgment in trespass to try title. Root's cross-action was based upon the theory that the Hesters' house and lot and the description in the deed under which they claimed covered a forty foot strip of land along their north line which included the proper location of the thirty foot Northwest 12th Street, and a ten foot strip which belonged to Root as a part of his lot 1, block 3, Slaughter and Barber North Addition. Controverted issues in the case included the proper location on the ground of Northwest 12th Street, the ownership of the fence torn down by Root and the damage incident thereto. The verdict of the jury on these issues and others, was favorable to Hester and wife and to the City of Mineral Wells and, if supported by evidence, required the judgment in their favor and against Root. Root has appealed.

■ A transcript of the record was timely filed in this Court on September 19, 1957. A statement of facts was tendered for filing on October 3, 1957, more than sixty days after the trial court on August 2, 1957, overruled appellant's motion for new trial. A motion to admit the tendered statement of facts as a part of the record was filed herein on October 18, 1957, more than fifteen days after the expiration of the sixty day period provided by Rule 386, Texas Rules of Civil Procedure, and was, therefore, overruled. Jennings v. Fred-

ericks, Tex.Civ.App., 190 S.W.2d 707 (Writ Ref.).

 This court acquired jurisdiction of the appeal by reason of the timely filing of the transcript, regardless of the absence of a statement of facts. Darden v. Davies, Tex.Civ.App., 217 S.W.2d 892. In the absence of a statement of facts, however, it must be assumed that there was evidence to support the findings of the jury and the judgment of the trial court. Appellant's points based upon evidence cannot be considered. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, and Huckman v. Campbell, Tex.Civ.App., 255 S.W.2d 591. Since findings indicated required the judgment entered by the trial court, the judgment is affirmed.