v.

The STATE of Texas, Appellee.

No. 41749.

Court of Criminal Appeals of Texas.

March 12, 1969.

ESTATE of Mary C. HENDRIX, Appellant,

v.

George H. HENDRIX, Appellee.

No. 4802.

Court of Civil Appeals of Texas.

Waco.

March 27, 1969.

Lagerquist, Shaw & Davis, San Antonio, for appellant.

Porter, Madalinski, & Lee, Dobbins, Howard & Harris, San Antonio, for appellee.

## OPINION

WILSON, Justice.

Appellant, the guardian of his mother's estate, filed this suit to set aside a September, 1965 deed conveying 1665 acres to appellee, the brother of the guardian. It was alleged the grantor lacked sufficient mental capacity to execute the deed. Appellee's motion for instructed verdict was granted and a take-nothing judgment was rendered. We reverse and remand.

The court determined and appellee argues there is no evidence of probative force that the grantor was mentally incapable of executing the deed. There is no contention as to other alleged grounds for avoiding the conveyance.

Appellee points to evidence which would support a jury finding that grantor had sufficient mental capacity. We are required, of course, to disregard this evidence in reviewing the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609, 613; 23 A.L.R.2d 1114; Lee v. Lee (Tex.Sup.1968) 424 S.W.2d 609, 611.

The following is some of the evidence, far more than a scintilla, which precludes an instructed verdict:

The grantor was adjudged to be of unsound mind in October, 1966 and appellant qualified as guardian. The deed was executed the preceding September. It is undisputed that the grantor was "an alcoholic". She "drank to excess on every occasion", and at the time the deed was executed had been constantly "drinking heavily for a long time". There was evidence she had diabetes, her "liver was bad" and she suffered from arthritis. Her sons earlier discussed applying for appointment of a guardian, but did not do so because of a feeling of embarrassment and desire to "avoid the stigma" of guardianship.

Her attorney testified that after grantor's husband died in 1962 she drank "heavily and continuously, was an alcoholic," and "there was always a question in my mind as to whether or not she understood the legal consequences of what was being accomplished" in regard to her affairs; that the attorney had never talked with her when "she had not been drinking, and most of the time she was obviously intoxicated". He testified: "Q. Did you have any doubt in your mind about her understanding what she was doing? A. There was always a question in my mind about her understanding what she was doing". She was "preoccupied with" a pistol in her house, was despondent and cried much. She was "befuddled and mushy all the time". There is evidence she appeared to be intoxicated when she signed the deed in question.

The attorney's testimony was: "Q. Did you form an opinion during the period of time between the first of January, 1965 and the 22nd of September, 1965 as to whether "grantor" was of sound or unsound mind, and if so, what was your opinion? A. Following the sale of her home in March 1965 and her moving into the apartments she began to drink more heavily than she had even before", and "I don't think that she knew the legal consequences of what she was doing" until the time she was hospitalized and a guardian appointed. "I don't mean the consequences that lawyers would understand, but that a person of normal intelligence would understand. I don't think she did".

Asked as to his opinion as to whether grantor "was of sound or unsound mind during the period of time of 1965 preceding September 22, 1965", this witness answered, "I think from about the time she moved to the Executive Apartments, subsequent to that time, she was of unsound mind. That would be from about April sometime, 1965,"

and "at all times subsequent to that" grantor "was in a very bad state".

Under this state of the evidence an instructed verdict was not authorized. See Cole v. Waite, 151 Tex. 175, 246 S.W.2d 849, 852.

Appellee assigns a cross-point that the court erred in not rendering judgment in his favor on appellant's action for debt, and in severing the latter action. Appellant also complains of the severance. In our opinion the severance was proper under Rules 41 and 174(b), Texas Rules of Civil Procedure.

However, the court having ordered a severance, made no disposition of the severed action. It continues as a pending action (under a separate cause number) in which there is no judgment, and in which no appeal is or can be perfected until final judgment is rendered.

Reversed and remanded.