Joe Ed GREEN, Appellant,

v.

Lanna Lee DAVIS, Appellee.

No. 17087.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 13, 1970.

Penix, McCracken & Andrews, and Ken Andrews, Graham, for appellant.

Jennings, Montgomery & Dies, and Roy M. Dies, Jr., Graham, for appellee.

## OPINION ON MOTION TO STRIKE STATEMENT OF FACTS

BREWSTER, Justice.

■ The matter presented here for the Court's determination is appellee's motion to strike the statement of facts which this Court ordered filed after granting appellant's motion to permit same to be filed after the expiration of the 60 day period normally allowed for filing such documents.

A proceeding such as this is an original proceeding, it having originated in the Court of Civil Appeals. In considering such a matter the Court is not here acting as a Court of Review as it does when determining an appeal from a trial court. Matlock v. Matlock, 151 Tex. 308, 249 S.W. 2d 587 (1952) and Exchange Estates, Inc. v. Donaldson, 412 S.W.2d 780 (Fort Worth Civ.App., 1966, no writ hist.).

The judgment involved in this case recites that it was signed on July 31, 1969. The trial involved was non-jury and no motion for new trial was filed.

Rule 306a, Texas Rules of Civil Procedure, requires a trial judge to place on his judgments the date that he signed it and further says: "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment * * * shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein."

In this case appellant's counsel had mailed the statement of facts and transcript to this Court. The letter of transmittal was dated September 23, 1969, and such items were received by this Court on September 25, 1969.

For some reason that is not reflected by the record the appellant's counsel had not

had the statement of facts signed by the lawyers involved and it was not signed by the trial judge as required by Rule 377(d), T.R.C.P., and it was received by the Court in this unsigned condition on September 25, 1969. The clerk refused to file such statement of facts under authority of Rule 389a, T.R.C.P.

The clerk, on September 25, 1969, called the office of appellant's counsel in Graham, Texas, to advise him that she could not file the statement of facts, but he was out of town. This attorney was at the time in Austin, Texas, attending a legal seminar. The clerk then wrote a letter to appellant's counsel on September 25, 1969, advising him of what had happened and asked him what he wanted done. On September 29, 1969, appellant's counsel returned to his office and having in his possession a copy of the statement of facts, procured all of the necessary signatures on same on the morning of September 29, 1969.

Rule 386, T.R.C.P., provides that the transcript and statement of facts shall be filed with the clerk of the Court of Civil Appeals within 60 days from the date of the judgment. It further provides, however, that on motion filed within a reasonable time "not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, * * *" the Court of Civil Appeals may permit the late filing of such transcript or statement of facts.

On application of Rules 386 and 306a, T.R.C.P., to the facts of this case it is apparent that the last day of the 60 day period for filing the statement of facts provided for in said Rule 386 was September 29, 1969.

It was on the morning of this last day that appellant's counsel placed the properly signed statement of facts in an envelope (bearing postmark of September 29, 1969, A.M.) and mailed it to the clerk of the Court of Civil Appeals. It was not re-ceived in this Court until October 2, 1969. The clerk of this Court then advised appellant's counsel that she could not file it in this Court because it was too late unless he file a motion and procured an order from this Court permitting the late filing. The record does not show any reason why the statement of facts was not personally delivered to the clerk of this Court by someone acting for appellant on September 29, 1969, for filing on that day.

On October 7, 1969, appellant's counsel filed in this Court a motion with an attached affidavit, the motion being as follows:

"Now comes JO ED GREEN Appellant, and moves the Honorable Court of Civil Appeals to allow him additional time to file the Statement of Facts in the above styled and numbered cause, and would show the Court that he has good cause for same as is shown in the attached affidavit."

The attached affidavit was as follows:

"THE STATE OF TEXAS
"COUNTY OF YOUNG

"BEFORE ME, the undersigned authority, a Notary Public in and for Young County, Texas, personally appeared KEN ANDREWS, who, being by me duly sworn, upon oath deposes and says:

"That I am the attorney of record for the Appellant in Cause No. 17,087, before the Court of Civil Appeals, Second Supreme Judicial District of Texas. That on September 23, 1969, I mailed to Miss Lida Swanson, the Clerk of the Court of Civil Appeals, the transcript, Statement of Facts and deposit in this case; that the original judgment in this case was filed for record on July 31, 1969. That a final judgment superseding the judgment of July 31, 1969, was filed on August 28, 1969. That the final date for filing the Statement of Facts in the judgment of July 31, 1969, would have been September 30, 1969. That on September 23, 1969, I mailed to Miss Lida Swanson, the Clerk of the Court of

Civil Appeals, our check for deposit, transcript and Statement of Facts in this case. That she determined that the District Judge had failed to sign the Statement of Facts and had attempted to contact me on the 24th or 25th day of September, and that I, on the evening of the 24th, 25th and 26th of September was in Austin, Texas, attending the School on Mortgage Lending at the University of Texas School of Law. Upon returning to my office, on Monday, September 29, I secured the necessary signatures on a copy of the Statement of Facts and mailed it to the Clerk. That the United States Postal Service failed to make delivery of the Statement of Facts on September 30, 1969, but delivered it on October 1, 1969. That in fact the final judgment in the case appearing in the transcript was filed for record on August 28, 1969, and that the 60-day period should be computed from the date said judgment was filed for record, August 28, 1969.

"Further affiant saith not.

"/s/  Ken Andrews
"  Ken Andrews"

On the date such motion was filed in this Court, this Court considered it and, having observed that the statement of facts had originally been tendered to this Court for filing well before the end of the 60 day period, and that the only defect in it was the lack of required signatures and being of the opinion that no one would be hurt by the late filing, ordered the clerk of the Court to proceed to file the statement of facts and it was filed in this Court on October 7, 1969.

The clerk then notified appellee what had been done and he said he had no notice of the motion and on October 17, 1969, he filed in this Court a motion to strike the statement of facts from the record. This is the motion under consideration here.

The transcript was in proper form and was filed on September 29, 1969, the last day of the 60 day period.

The real question presented here is whether or not this Court had the power or authority to permit the late filing of this statement of facts under the showing made by the record in this case.

We have determined that this Court did not have the right to order the late filing of the statement of facts in this case and that it has no alternative except to grant appellee's motion to strike such statement of facts.

The Texas Supreme Court in 1952 reviewed the history of Rule 386, T.R.C.P., in the case of Matlock v. Matlock, supra. The following is from the opinion in that case: (Speaking of Rule 386) "The rule cannot, therefore, be treated as one adopted by the court for its convenience or for the more orderly submission of causes, which the court might feel at liberty to waive for any cause deemed by it to be sufficient. To the contrary, the rule carries forward an unambiguous statute declaring the public policy of the State on a question of importance in the administration of justice."

That court went on to hold that the Legislature intended to restrict the meaning of " 'good cause' " to cases in which the appellant *could not file* the transcript within the 60 day period. The court then said: "Obviously, that restriction left the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript."

In the Matlock case the facts were that appellant's attorney had the record in his hands for several days before the 60 day period expired and thought his secretary had delivered it to the Express Company to be delivered to the Court of Civil Appeals for filing within the 60 day period. The lawyer's assumption was wrong. The Supreme Court held that this was not "good cause" why the record could not be filed within the 60 day period.

The following is from the Supreme Court opinion in Patterson v. Hall, 430 S.W.2d 483 (1968): "By clear language, the rule

authorizes a court of civil appeals to extend the time for filing the transcript and the statement of facts when motion is made within seventy-five days after a final judgment is rendered * * * showing *'good cause* to have existed within such sixty-day period why said transcript and statement of facts *could not be so filed'* within the sixty-day period."

In the case at bar the statement of facts herein shows that it was completed and the certificate thereon signed by the court reporter on September 2, 1969. The record does not show where the statement of facts was between September 2, 1969 and September 23, 1969. The file reflects that appellant's counsel put it in the mail on this last date, addressed to the Court of Civil Appeals, but at this time he had not procured the signatures of the necessary parties and it could not be filed. He had it in his hands again in Graham, Texas, on the morning of the last day of the 60 day period, and had on it all the necessary signatures for filing, and then mailed it to this Court on the morning of the last day of the 60 day period. No explanation is offered for mailing it on the morning of the last day for filing instead of carrying it from Graham to Forth Worth (a distance of approximately 90 miles) in order to get the statement of facts filed within the 60 days.

After the study we have made of this matter we conclude that appellant's motion to be permitted to file the statement of facts in this case late and his accompanying affidavit did not show good cause to have existed as required by the cases above cited. Nothing else in the record indicates such good cause to have existed.

The case of Consolidated Casualty Insurance Company v. Wade, 373 S.W.2d 841 (Corpus Christi Civ.App., 1963, writ dism.) held that the failure of appellant's counsel to notice that opposing counsel had not signed the statement of facts before the 60 days was up did not constitute good cause for permitting late filing. That case also held that timely filing of the record in

Court of Civil Appeals is a jurisdictional requisite and cannot be waived.

The following is from the opinion in the case of Dellerman v. Trager, 327 S.W.2d 667 (San Antonio Civ.App., 1959, writ dism.) :

"The Court of Civil Appeals cannot arbitrarily grant an appellant an enlargement of time for filing the record. The provisions of Rule 386, T.R.C.P., are mandatory and jurisdictional and when an appellant fails to show 'good cause' why the record could not have been filed during the sixty-day period, the Court has no jurisdiction to grant him an enlargement of time within which to file his record in the Court of Civil Appeals. (Cites cases.)"

It appears clear that this Court did not have the authority to grant appellant the right to file the statement of facts in this case after the end of the 60 day period allotted by Rule 386 for the filing of such documents.

However, the transcript in the case was filed by appellant within the time allowed by such rule. It contains findings of fact and conclusions of law by the trial court. The appellant still has a right to have his appeal considered in the absence of the statement of facts. Root v. Hester, 309 S.W.2d 480 (Eastland Civ.App., 1958, writ ref.) and Crawford v. Crawford, 256 S.W.2d 875 (Amarillo Civ.App., 1952, no writ hist.).

The appellee's motion to strike the statement of facts that we heretofore permitted appellant to file late in this case is hereby sustained and the statement of facts is ordered to be stricken.

## OPINION ON THE MERITS

This is an appeal from a decree making an award of a child's custody.

The statement of facts filed by appellant after the expiration of 60 days from the date the judgment was signed has been ordered stricken by this court. See opinion

this day rendered in this case on appellee's motion to strike statement of facts.

The transcript in the case was filed within the 60 day period allotted by Rule 386, T.R.C.P., for the filing of such documents.

■ Since appellant did timely file the transcript with the Clerk, this court has acquired jurisdiction of the appeal. Root v. Hester, 309 S.W.2d 480 (Eastland Civ.App., 1958, writ ref.) and Crawford v. Crawford, 256 S.W.2d 875 (Amarillo Civ.App., 1952, no writ hist.). The appeal will be considered as being made without a statement of facts.

The appellant, Joe Ed Green, is the father and appellee, Lanna Lee Davis, is the mother of the male child whose custody is in controversy. The trial was without a jury. The judgment appealed from gave custody of the infant, born May 19, 1967, to the father for 6 months of the year and to the mother for the remaining 6 months. The judgment gave custody of the child after it reached school age to the mother during the school term and gave the custody of the child to the father during the vacation months. It also provided that during the time that a parent did not have custody that such parent should have reasonable visitation rights with the child as outlined in the judgment. This judgment recites that it was rendered and signed on July 31, 1969.

The trial court filed findings of fact and conclusions of law in the case and they appear in the transcript.

The facts which we deem material to a decision of the appeal that were found by the trial court in his findings of fact are as follows: the father sued the child's mother for a divorce and for custody of the child on October 28, 1968, in the District Court of Young County, Texas; the mother signed a waiver of service of citation in the case, and the court did on January 9, 1969, render a judgment in that case granting the father a non-contested divorce, custody of the child, and awarded the mother reasonable visitation rights with the child; between the time the divorce suit was filed and the time a divorce was granted the mother of the child had become ill with a malady which would have made it difficult for her to care for the child; the mother has now recovered from such illness and is now physically able to care for the child; the mother of the child has remarried and her husband's name is Davis and he would welcome the child in their home; there are no other children in this home; since the entry of the divorce decree, the father, Mr. Green, has been unreasonable in his arranging for the mother to visit the child; the father would not make definite arrangements for the mother to visit the child, but rather would cause the mother to drive from Fort Worth, Texas, to Graham, Texas, or to Wichita Falls, Texas, to see whether or not the father of the child would allow the mother to visit her child; since the divorce decree the father has continued to have financial difficulties and on many occasions was at least partially supported by the appellee or her family; the child's father has also remarried and his stepdaughter resides in his home with him and his wife; the environment in the home of Mr. Green, since his remarriage, has created an atmosphere of insecurity and jealousy in so far as the child is concerned; the mother's home is harmonious and would help to relieve the anxiety and insecurity of the child; from prior to the time the divorce suit was filed and until after the divorce decree of January 9, 1969, the father, Mr. Green, intimidated and threatened the child's mother with bodily harm if she made any effort to obtain custody of the child in question; the father, Green, has a violent temper and has heretofore shown his inability to control it and has conducted himself in a manner reasonably calculated to create fear in the mother; the mother did not contest any part of the divorce case because of the father's threats and the fear engendered thereby in her; the father resides in Young County, Texas, and the mother resides in Johnson County, Texas; the mother is a fit and

proper person to have custody of the child; and since the parents were divorced the child has been denied the love and affection of his mother by reason of the conduct of his father, Mr. Green.

The trial judge made the following conclusions of law and filed them in this case: there has been a change of conditions affecting the welfare of the child since the January 9, 1969, judgment; the mother is now physically and financially able to care for the child and is not an unfit person; the remarriage of the father has brought about circumstances that make the present living conditions of the child less secure; the reason the mother did not contest the child custody feature of the divorce case was because of her fear that the father would carry out his threats of bodily harm if she tried to get custody; and the welfare of the child will be best served by giving him an opportunity to have the love and affection of both parents so custody of the child during his pre-school years will be on an equal basis of 6 months per year to each parent and after the child enters school his custody will be with the mother during the school year and with the father during the vacation period.

■ Since this appeal is being made without a statement of facts, this court must assume that during the trial of this case there was sufficient evidence offered to support the foregoing findings of fact made by the trial court and to support the judgment of the court. Root v. Hester, supra, and Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (Tex.Sup., 1951).

Appellant's first 5 points contend that the trial court abused its discretion in splitting custody of the child and in granting a change of custody; it erred in splitting custody and in changing the prior custody decree because the findings of fact and conclusions of law do not support such a decree; and it erred in changing the prior custody decree because any changed condition shown was not material in the sense

and to the extent required by law. These points will be discussed together.

■ The law is settled in Texas that in order to have been successful in this case and in order to get the trial court to render a decree in this case changing the custody decree that it had rendered on January 9, 1969, the appellee here must have alleged and proved that since the rendition of that decree there has been a material change of conditions surrounding the parties involved and that such change of conditions has been such as to render it to the best interest of the child that the former custody decree be set aside or modified. Alexander v. Alexander, 309 S.W.2d 886 (Amarillo Tex.Civ. App., 1958, no writ hist.) and Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (Tex. Sup., 1955).

The trial court found that since such decree was rendered on January 9, 1969 the following changes of conditions surrounding the parties have occurred: (1) The father's home, where the child has been living since the time of the father's remarriage, has created an atmosphere of insecurity and jealousy in so far as the child is concerned; (2) the child's mother has recovered from the illness from which she was suffering at the time the prior decree was rendered, and she is now physically able to care for the child; (3) since the judgment the mother has remarried and has a harmonious home which would help relieve the anxiety and insecurity of the minor child; (4) since the divorce and custody decree of January 9, 1969 the father has been unreasonable in his arranging for the plaintiff to visit the child; he would not make definite arrangements for the mother to visit the child, but would cause her to have to drive from Fort Worth to Graham or to Wichita Falls in order to find out whether or not he would permit her to visit with her child; and (5) since the decree of January 9, 1969 was rendered, the child has been denied the company, love and affection of his mother by reason of his father's conduct.

In the absence of a statement of facts no one can question the sufficiency of the evidence to support these findings made by the trial judge. This court is bound by them under the circumstances.

■ In our opinion there is no question but what these findings do show that a material change of conditions has occurred since the first custody decree. The trial court also concluded that the child's best interests would be served by awarding his custody in such a way that he would have an opportunity to have the love and affection of each of his parents.

■ A trial judge is vested with a large amount of discretion in rendering a child custody decree. Taylor v. Meek, supra.

The appellant cites several cases which tend to look with disfavor on court judgments that split the custody of small children between their parents. These cases include Swift v. Swift, 37 S.W.2d 241 (Waco, Tex.Civ.App., 1931, no writ hist.); Byrd v. Byrd, 195 S.W.2d 822 (Austin, Tex.Civ.App., 1946, no writ hist.); Dunn v. Dunn, 217 S.W.2d 124 (Amarillo, Tex. Civ.App., 1948, writ dism.); and Anderson v. Martin, 257 S.W.2d 347 (Amarillo, Tex. Civ.App., 1953, ref., n. r. e.).

But no law exists that prevents a court, under proper circumstances, from decreeing split custody of a child. A number of cases have approved judgments splitting the custody of a child. Some of them are the following: Watts v. Rutledge, 211 S. W.2d 995 (Eastland, Tex.Civ.App., 1948, no writ hist.); Patterson v. Wilson, 177 S.W. 2d 1004 (Austin, Tex.Civ.App., 1944, ref. w. m.); Lasater v. Bagley, 217 S.W.2d 687 (Eastland, Tex.Civ.App., 1949, ref., n. r. e.); and Hamer v. Hamer, 184 S.W.2d 492 (Galveston, Tex.Civ.App., 1944, no writ hist.).

In the Hamer case, supra, the court held that a decree awarding custody of a two year old girl to each parent for alternate periods of 6 months during the year did not constitute an abuse of the trial court's discretion under the facts of that case.

In the Watts case, supra, the court said:

"It is therefore apparent if the trial court concluded a better home could be furnished the child during the school term by its father, it was the duty of the court to place said child in such home during the time she would be in school. No doubt, the trial court had in mind that during the summer months, when the child was not in school, it would be proper and fitting to place the child in the home provided by the mother. We have no way of knowing all of the things the trial court considered when he entered the judgment. The child is entitled to the love and affection of both her parents. But due to the unfortunate circumstances of a separation and divorce of the parents, she was deprived, to a certain extent, of constant association with both of them. Consequently, the trial court did the next best thing. After hearing all of the facts and circumstances in the case, he concluded that it would be to the best interest of the child to live in the home of her father during the school term and in the home of her mother during the summer vacation. After all, the paramount issue is the best interest of the child."

In the case of Patterson v. Wilson, supra, the court said:

"This evidence sufficiently sustained the order of the court awarding the child part time to each parent, under the settled rule that a very broad discretion is vested in the trial judge in such matters."

In the case of Lasater v. Bagley, supra, the court said:

"Contrary to appellants' contention, we think that the trial court, having observed the witnesses, had not only the right but the duty to exercise its sound discretion in determining what was to the best interest of the child. The trial court is certainly in a better position to determine the right to custody, that is, what is to the best interest of the child, than an appellate court

which must depend entirely upon the printed record. Crawford v. Crawford, Tex.Civ. App., 197 S.W.2d 880. Furthermore, we understand the law in such cases to be that the judgment of the trial court will not be reversed unless an abuse of discretion is clearly shown.

"We overrule the contention that the court erred, as a matter of law, in awarding part time custody of the child to his father. * * *" The court then said 217 S.W.2d on page 690: "In determining such question, the trial court is vested with a sound discretion and his judgment will not be disturbed unless an abuse of that discretion clearly appears. (Cites cases.) We think that part of the judgment dividing the custody between the father and mother finds ample support in the testimony and the court did not abuse its discretion in so dividing the custody."

The case of Bryant v. Birdsong, 277 S. W.2d 922 (Fort Worth, Tex.Civ.App., 1955, no writ hist.) was a child custody case where the trial judge split the child's custody giving it to the mother during the summer months and to the father during the school year.

"The trial judge is vested with liberal discretion in determining the custody of minor children. He sees the parties and observes their demeanor and personalities. He is in a better position to analyze the facts, weigh the virtues of the parties and determine what will be for the best interest of the minor child than can be ascertained by reading the record. Therefore, the awarding of the custody of a minor child will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. (Cites cases.)"

The court then said on page 925:

"Viewing the record as a whole, we are unable to say the trial court abused its discretion in dividing custody in the manner indicated."

We hold that the record in this case as it is presented to us on this appeal does not show that the trial court abused its discretion in dividing custody as it did.

What is said above disposes of appellant's first 5 points, which are all related. They are all overruled.

His 6th and last point contends that the court erred in rendering findings of fact and conclusions of law that are in conflict with the findings of its oral judgment.

This point is overruled. There is no properly authenticated part of the record that is before the court on this appeal that shows that the trial judge rendered an oral judgment.

As shown the trial judge here did file written findings of fact and conclusions of law and they are in the transcript.

In Murray v. Murray, 350 S.W.2d 593 (Dallas, Tex.Civ.App., 1961, no writ hist.) the court said: "Oral declarations of a judgment cannot be accepted as substitutes for the written findings of fact and conclusions of law to which appellee was entitled * * *."

See also 57 Tex.Jur.2d, Trial, Secs. 580 and 594.

The judgment of the trial court is affirmed.