**Emmett Grady HENDRIX, Jr., Guardian, Estate of Mary C. Hendrix, Appellant,**

v.

**George L. HENDRIX, Appellee.**

**No. 7159.**

Court of Civil Appeals of Texas, Beaumont.

June 25, 1970.

Lagerquist, Shaw & Davis, San Antonio, for appellant.

Porter, Madalinski & Flores, Dobbins, Howard & Harris, San Antonio, for appellee.

## OPINION ON MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE STATEMENT OF FACTS

KEITH, Justice.

Appellant, as guardian, sought to set aside a deed from his mother to his brother, alleging lack of mental capacity and undue influence. Trial was to a jury and upon the verdict, judgment was rendered for the appellee. The prior appeal, from an instructed verdict, Estate of Hendrix v. Hendrix, 440 S.W.2d 312 (Waco Tex.Civ. App., 1969, no writ), is referred to for further details as to the nature of the case.

Judgment was entered on July 28, 1969, the motion for new trial overruled on September 18, 1969, and the appeal bond was filed on October 15, 1969. Then, for the first time, appellant made a written request of the court reporter for the preparation of a statement of facts. On November 14, 1969, appellant filed a motion for an extension of time within which to file the statement of facts and the transcript, asserting in the motion that the reporter's notes could not be located. The Fourth Court of Civil Appeals, in which the case was then pending, granted the motion in part and extended the time for the filing of the record until December 15, 1969. On that date, appellant filed a transcript and a motion to reverse and remand the case to the trial court asserting that through no fault of his, he could not procure a statement of facts upon which the court could review the evidence. The court reporter's

affidavit continued to assert his inability to find his notes and his inability to prepare the statement from memory. The trial judge likewise certified that he could not prepare a statement of facts from memory, in which assertion he was joined by appellant's counsel.

The San Antonio Court, deferring action on the motion, through its clerk, advised counsel on December 31, 1969:

"In the meantime, appellant's attorney is directed to attempt to prepare a statement of facts in narrative form in accordance with Rule 377, T.R.C.P. In this connection, it is suggested that by use of the statement of facts from the first appeal, the court reporter may be able to prepare a satisfactory record."

Appellant's motion to reverse and remand was overruled on February 18, 1970. Appellant's second motion for an extension, having been filed on February 6, 1970, was granted, and the time extended to March 12, 1970. His third motion was also granted and the time extended to April 13, 1970. Appellant's fourth motion was pending unacted upon at the time the case was transferred to this court by order of the Supreme Court, and we granted the pending motion, extending the time for the filing of the record until May 13, 1970. In so doing, however, we advised counsel, through our clerk, that "further motions for such extensions will not be looked upon with favor." Nevertheless, on May 12, appellant filed his fifth motion for an extension.

A review of each of the several motions showed clearly that the alleged "good cause" (required under Rule 386) was couched in almost identical language in each of the several motions, and each time in the most broad form of conclusory allegations without any specific facts being stated in support thereof. Particularly, we noted that no explanation had been made of the efforts, if any, to comply with the alternative provisions of Rule 377, as suggested by the San Antonio Court more than four

months earlier. Deferring action thereon, we requested a detailed factual statement of the efforts which had been made to prepare a statement of facts. Such was furnished to us along with appellee's reply thereto.

While we were even then dissatisfied with the nature of the efforts of appellant to prepare a statement of facts,[1] we entered an order extending the time for the filing of the statement of facts to and including June 13, 1970, as requested, advising counsel that no further extensions of time would be granted. On June 15, 1970 (timely only because of the provisions of Rule 4) our clerk received a large packet from appellant's counsel. In this she found: (a) what appears to be a partial statement of facts containing 228 pages of what may or may not have been a transcript of testimony received upon the trial of the case; (b) what is labeled on the cover "Narrative Statement of Facts" containing ten typewritten pages; (c) photocopies of seven miscellaneous instruments, the relevance of which is undisclosed; (d) an instrument designated "Appellant's Motion and Affidavit in Connection with Submission of Partial Statement of Facts"; and (e) a letter from appellant's counsel asking that we grant further extensions of time on our "own volition." The partial statement of facts is not signed by counsel for either party or the trial judge and a cursory examination reveals that it is incomplete. It is not entitled to consideration under Section (d) of Rule 377. The "narrative" statement of facts, signed only by appellant's counsel, is incomplete and does not purport to be a summary of all of the testimony and does not even mention some of the witnesses whose names are set out in the numerous motions previously considered. The miscellaneous documents described in (c) of our enumeration add little, if anything, to our record. In essence, we have no statement of facts tendered and no satisfactory explanation for a lack thereof. Additionally, we have no agreement from appellee for the filing of such instruments as a statement of facts.

We recognize and thoroughly respect our obligation to the parties. As is aptly said in Rule 370:

"The primary purpose of the courts is to administer justice between the parties with as little expense and delay as possible. Liberal provisions are therefore made in these rules for amendments on appeal to bring forward any material matter which may have been omitted. With this protection the bar is expected to cooperate in shortening the records in furtherance of the provisions of these rules."

We also bear in mind the admonition of Rule 1 that one of the objectives of the Rules is the attainment of justice "with as great expedition and dispatch and at the least expense * * * as may be practicable * * *."

■ From our careful analysis of the voluminous record now before us seeking to explain the delay in preparing what would normally be a routine record, we are of the opinion that appellant has failed to use the requisite diligence imposed upon him by law. He has failed to show continuing good cause for failure to file a statement of facts extending now over a period of nearly seven months. Accordingly, we have directed our clerk not to file the series of instruments tendered for filing by appellant on June 15, 1970. An appropriate notation will be made thereon as to the date of receipt so that our action may be duly tested upon the record made by appellant.

In passing upon the question before us, we have kept in mind Chief Justice Hickman's statements found in Matlock v. Mat-

---

1. No satisfactory explanation has yet been made of the efforts, if any, to comply with the suggestions of the San Antonio Court of Civil Appeals made on December 31, 1969, as indicated previously.

lock, 151 Tex. 308, 249 S.W.2d 587, 590 (1952):

> "The Legislature [amending Article 1839 which was adopted as Rule 386] has said in no uncertain terms that civil litigation should not be drawn out but should be disposed of with dispatch. By court rules we have sought to adhere to that policy. The end result should be a better administration of justice. That result cannot be obtained if the statute designed to attain it is not enforced according to its clear intent."

And, we have also borne in mind Chief Justice Calvert's holding in Patterson v. Hall, 430 S.W.2d 483, 486 (Tex.Sup., 1968), that in deciding the question of good cause, we should exercise our discretion in the light of all attendant facts and circumstances. See also, Wigley v. Taylor, 393 S.W.2d 170 (Tex.Sup., 1965) and the case note in 39 Tex.Law Rev. 102 (1960).

■ The right of an appellant to procure a review of an unfavorable judgment is not absolute. One who seeks to escape the sanctions so imposed by a judgment has the burden of perfecting the appeal in accordance with the rules, and in any manner provided for in the rules. The rights of the prevailing party to the litigation are of equal importance to those of the loser, and if we were to continue granting extensions of time (with no positive assurance that we will ever have a complete record) we would not be advancing the cause of justice. Consequently, we decline to grant any further extensions of time, "on our own volition" or otherwise, within which appellant may prepare and file a statement of facts.

■ We now come to consider the alternative motion which appellant has pending before us, that we should reverse and remand this cause (and we now use his words) "because of inability of all concerned to be able to furnish a complete statement of facts." This is the second appearance in this case of such a motion, the first having been filed on December 15, 1969. The San Antonio Court of Civil Appeals overruled the original motion to reverse and remand on February 18, 1970. For the reasons heretofore set out, we now overrule the same motion now repeated.[2]

## OPINION ON MERITS

■ The transcript was timely filed by the appellant and we have acquired jurisdiction to hear and determine the cause. Green v. Davis, 451 S.W.2d 579, 584 (Fort Worth Tex.Civ.App., 1970, no writ), and cases therein cited. However, an examination of the assignments of error found in the motion for new trial[3] (no amended motion having been filed), indicates that we are not able to review the complaints in the absence of a statement of facts. Before this cause was transferred to this court, appellee made a motion to affirm the cause, but such was overruled by the San Antonio Court, citing Western United Realty Company v. Shaw, 356 S.W.2d 205 (Eastland Tex.Civ.App., 1962, error ref.). We have examined the Shaw Case and it is apparent that the action taken by the San Antonio Court was predicated upon the fact that it still had jurisdiction to, and actually did, extend the time for the filing of the statement of facts. Thus, we do not consider the issue foreclosed

---

2. We do *not* base this action upon the suggestion of appellee that the appeal was perfected only after appellant discovered that the court reporter's notes were missing and that it might be impossible to procure a statement of facts. We decline to attribute any bad faith to appellant in his efforts to perfect the appeal; we do, however, find a complete lack of diligence in that respect.

3. The grounds are: 1. "There is insufficient evidence to support the jury's answer to the special issue submitted." (The issue was on mental capacity of the grantor in the deed.) 2. "The Trial Court erred in refusing to submit to the jury Plaintiff's Requested Special Issue, to-wit: [an issue on undue influence practiced upon the grantor]."

and now turn to a disposition of the cause in the interest of all concerned.

In our consideration of the case, we must review the matter without benefit of a statement of facts. We have reviewed the pleadings of the parties, the charge of the court, and the judgment entered and do not find there is error. Having considered the grounds in the motion for new trial, "it is apparent the points stated cannot be considered without a statement of facts." Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, 684 (1951). And, "in the absence of a statement of facts, we must presume that the evidence supports the finding" of the jury. Guthrie v. National Homes Corporation, 394 S.W.2d 494, 495 (Tex.Sup., 1965). The same rule should be applied, and we now apply it to the requested issue. There being no error apparent in the record before us, the judgment of the trial court is in all things affirmed.