William DELLERMAN, Appellant,

v.

Robert TRAGER et ux., Appellees.

No. 19536.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 2, 1959.

Rehearing Denied Sept. 23, 1959.

668

Pfeiffer & Gittinger, San Antonio, for appellant.

Emanuel Gassman, San Antonio, for appellees.

MURRAY, Chief Justice.

This cause is before us upon an application by appellant for an enlargement of time

within which to file the transcript and statement of facts.

Appellant's motion for new trial was overruled by the trial court on May 21, 1959, and the sixty-day period for filing the record in this Court expired on July 20, 1959. All dates herein referred to accrued during the year 1959, so we will not hereafter repeat the year. On July 13 appellant filed this motion for an enlargement of time within which to file the record. On July 20 appellees filed a reply to such motion, contesting the granting of it. On August 3 appellant answered appellees' contest. On August 5 appellees replied to this answer. On August 6 appellant replied to appellees' reply.

The salient facts are not disputed and are as follows:

Appellant did not make up his mind to appeal this case until June 16, at which time he so notified his attorney. Neither he nor his attorney made any effort to contact the court reporter and order the statement of facts until thirty-eight days of his sixty-day period had expired. Appellant's attorney looked for the reporter at his office and at his home, but did not find him because he had left on his vacation on July 1. On July 6, the parties agreed upon a statement of facts, but appellant wanted to see the reporter to ascertain if there were any necessary additions to this agreed statement of facts. He contemplated that this would not cover more than one or two pages.

Appellant does not show that he has, up to the present time, directed the reporter to make up a statement of facts, or that he has told him what he wanted in this additional statement of facts. Rule 377(c), T.R.C.P.

Appellant contends that he should be allowed thirty days within which to make up his mind whether or not he desires to appeal. In this he is wrong. Under the provisions of Rule 386, T.R.C.P., it is contemplated that an appellant will use due diligence in preparing and filing the record with the Clerk of the Court of Civil Appeals. This he must do within sixty days, or show "good cause" why the record could not have been filed during that period. The fact that he couldn't make up his mind to appeal is not such "good cause."

Appellant further states that he could not have ordered a partial statement of facts from the reporter prior to July 6, because he did not know just what part of the record the parties would be unable to agree upon. Where an appellant delays directing the reporter to prepare a statement of facts in the hope that he and appellee will be able to agree upon a statement of facts, he does so at his own risk, and if for this reason he is unable to file the record within the sixty-day period it is due to his own lack of diligence, and he is unable to show "good cause" why the record could not have been filed during the sixty-day period.

The burden is upon appellant to show by sworn statement that "good cause" existed during the sixty-day period allowed by Rule 386, supra, why the record could not have been filed with the Clerk of this Court within that period. It is true that after letting some thirty-eight days of his sixty-day period expire he could not contact the court reporter, but this falls far short of showing that if he had acted promptly he could not have secured a statement of facts from the reporter before he left upon his vacation. Thomas v. International Harvester Co., Tex.Civ.App., 321 S.W.2d 650; Couch v. City of Richardson, Tex.Civ.App., 313 S.W.2d 949; Gee v. Smith, Tex.Civ. App., 294 S.W.2d 415; Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; Wigington v. Parker Square State Bank, Tex.Civ.App., 321 S.W.2d 334.

The Court of Civil Appeals cannot arbitrarily grant an appellant an enlargement of time for filing the record. The pro-

visions of Rule 386, T.R.C.P., are mandatory and jurisdictional and when an appellant fails to show "good cause" why the record could not have been filed during the sixty-day period, the Court has no jurisdiction to grant him an enlargement of time within which to file his record in the Court of Civil Appeals. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, reversing Matlock v. Matlock, Tex.Civ.App., 245 S.W.2d 536; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W.2d 880; Root v. Hester, Tex.Civ.App., 309 S.W.2d 480; Rhodes v. Turner, Tex.Civ.App., 164 S.W.2d 743; Rule 5, T.R.C.P.

The motion will be in all things overruled.

POPE, Justice.

The majority opinion holds that, instead of sixty days, appellant had only forty days in which to file his record. This is so, because the opinion holds that when a court reporter goes on vacation during the sixty-day appeal period the appellant must, at his risk, get the record completed and filed before the reporter leaves. This is not the law, nor a sound interpretation of the Rule.

The majority has indiscriminately cited cases which are purely jurisdictional and those which involve the failure to show good cause. There is a difference. In instances where the appellant files nothing until after the latest time required by the rules, the Court is without jurisdiction even to pass upon good cause. Such is the case when nothing is done within the fifteen-day period after the sixty-day filing time. Rule 386, Texas Rules of Civil Procedure; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Root v. Hester, Tex.Civ. App., 309 S.W.2d 480, 481; Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875. This is not a case wherein the appellant actually had the statement of facts but through neglect failed to file it within the sixty-day period. Matlock v. Matlock, 151

Tex. 308, 249 S.W.2d 587; Thomas v. International Harvester Company, Tex.Civ. App., 321 S.W.2d 650; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W. 2d 880.

The authorities cited by the majority do not persuade me that they control this case. In Couch v. City of Richardson, Tex.Civ. App., 313 S.W.2d 949, nothing was done about the statement of facts during the sixty-day filing period nor until eighty-seven more days had expired. In Gee v. Smith, Tex.Civ.App., 294 S.W.2d 415, the showing of good cause failed because the court reporter in his attached affidavit stated that he could have prepared the statement of facts and that he was available at all times. In Wigington v. Parker Square State Bank, Tex.Civ.App., 321 S.W.2d 334, the good cause relied upon by appellant was disproved by the district clerk's affidavit. In such cases, certainly, good cause did not exist because it was not in fact proved. None of the cited cases will support the denial of good cause in this case.

The motion for new trial in this case was overruled on May 21, 1959. The time to file the record in this Court was July 20. The court reporter went on vacation on July 1. On July 14, the trial court granted appellant an extension of time to file the record in the trial court because the court reporter was out of the city on vacation. On July 13, appellant filed his motion in this Court, grounded on the same reason, and asked for an extension of time until August 24. These facts are not disputed by appellees.

Let us examine the claimed grounds for good cause. Appellant sought out the court reporter twenty-two days before the expiration of his sixty-day filing period. The reporter was on vacation and would continue to be gone until August 17, twenty-eight days beyond the date to file the record. Appellant, by July 6, had obtained an agreed statement of facts, but a few pages

of testimony were necessary wherein the parties did not agree. Had the court reporter not been on vacation, the appellant still had fourteen days in which to obtain that small portion of the statement of facts. This is not lack of diligence. It was not appellant's neglect; it was the court reporter's absence on vacation which made timely filing impossible.

Courts can look back on any record, and usually find some way that it could have been filed earlier, but Rule 386, T.R.C.P., gives appellant sixty days. It does not say sixty days less such time as the court reporter is on vacation. To announce such a rule imposes a wordless rule of uncertainty upon attorneys which will require them, at their risk to perfect records before reporters go on vacation. Under the rule of this case, either reporters are denied vacations or appellants must file their records before the vacations begin. This is necessarily the point to which the majority has pressed the rule, for had the reporter not gone on vacation the record would easily have been perfected between July 6, the date the agreed statement of facts was found wanting, and July 20, the last day for filing. The majority then hold that the appellant was negligent because he did not have the statement of facts on file prior to July 1, when the reporter went on vacation. In other words, by the decision of this Court appellant had forty days instead of sixty days as permitted by the Rule.

The majority has confused the rules which apply when appellant obtains the record during the sixty days and carelessly neglects to file it, with a situation in which an appellant during the sixty days tries but is unable to obtain the record because of the absence of a court official. I do not think that appellant should be held responsible for, and that his appeal time should be reduced by the period of, the court reporter's absence on vacation. " * * * when a choice of interpretations of a portion of the rule (386) is presented, that interpretation involving unnecessary hardship or harshness should not be chosen, for public policy likewise demands that we attend to the substance of things and not emphasize the 'nice quillets of the law.' A construction favoring a decision of the appeal upon its merits should prevail if reasonably tenable." City of Corpus Christi v. Gregg, Tex.Civ.App., 267 S.W.2d 478, 479.

Finally, the absence of a judge on vacation is good cause for not settling a statement of facts within sixty days. Gragg v. Williams, Tex.Civ.App., 310 S.W.2d 394. It would be strange law that the absence of a judge is good cause, but the absence of a court reporter is not.

I would grant leave to file the transcript, Anzaldua v. Richardson, Tex.Civ.App., 279 S.W.2d 169, and would grant appellant two weeks in which to file the statement of facts.

I respectfully dissent.