**Tommie C. WILLIAMS et al., Appellants,**

**v.**

**Rozell WILLIAMS et al., Appellees.**

**No. 281.**

Court of Civil Appeals of Texas.

Tyler.

May 20, 1965.

Charles E. Coleman, Tyler, for appellants.

William Sheehy, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellees.

DUNAGAN, Chief Justice.

Tommie C. Williams and Willie C. Williams filed in this court April 19, 1965, a motion seeking an extension of time within which to file transcript and statement of facts in this court.

Appellants' motion is contested by the appellees, who contend that good cause is not shown for delay by appellants for the filing of the statement of facts and transcript.

Appellants' motion is sworn to by their attorney and supported only by the affidavit of the Clerk of the District Court from which he seeks to bring this appeal.

The judgment sought to be appealed was rendered and signed by the trial judge on the 4th day of February, 1965. Appellants filed their appeal bond on March 4, 1965. On the 31st day of March, 1965, appellants requested in writing that the Court Reporter and District Clerk, respectively, prepare a statement of facts and transcript of proceedings had in this cause. The only grounds in appellants' motion for an extension of time within which to file the record in this court were: "That said requests were made immediately after appellants became financially able to pay for such statement of facts and transcript, and at a time when appellants felt that said Court Reporter and District Clerk would have had ample time to prepare same." The statement of facts was prepared in time to have been filed in this court within the required time. There is on file in this court two affidavits by the Clerk of the trial court. His first affidavit was dated April 19, 1965, in which he says that the appellants "requested on the 31st day of March, 1965, that a transcript of proceedings had in the 7th Judicial District Court of Smith County, Texas, be made and filed in the Court of Civil Appeals for the 12th Supreme Judicial District of Texas, but such transcript could not be completed and filed within the time required by law." By his second affidavit dated April 29, 1965, by way of explanation why the transcript could not be completed and filed within the time required by law he says that "Due to the short amount of time remaining before the transcript was required to be filed by law, he was unable to prepare this transcript. However, had this transcript been requested at the time the defendants filed their appeal bond on March 4, 1965, or any time earlier, I would have been able to prepare the transcript before April 5, 1965."

The record has not been tendered to our Clerk for filing.

Rule 386, Texas Rules of Civil Procedure, Vernon's Ann.St. requires the appellant to "file the *transcript* and *statement of facts* with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling a motion for new trial * * *." The rule also provides that by motion filed within 15 days after the expiration of such 60-day period, showing good cause to have existed within such 60-day period, the Court of Civil Appeals may permit the

same to be thereafter filed. Such motion was timely filed, and the question now before us is whether there is a showing of good cause for the late filing of the statement of facts and transcript. The 60-day period expired April 5.

■ The provisions of Rule 386, supra, are mandatory and jurisdictional and therefore must be complied with in order to invoke appellants' jurisdiction. Ortiz v. Associated Employers Lloyds, 294 S.W.2d 880, (Tex.Civ.App.) 1956, n. w. h.; Hanna v. Home Ins. Co., 260 S.W.2d 891, 896, 1953, writ refused, n. r. e.; Eldridge v. Lake Whitney Enterprises, 231 S.W.2d 466, (Tex.Civ.App.) 1950, n. w. h.; Donnelly v. Donnelly, 241 S.W.2d 754, (Tex.Civ.App.) 1951, n. w. h.; Dellerman v. Trager, 327 S.W.2d 667, (Tex.Civ.App.) 1959, writ dismissed; Maples v. Service Mut. Ins. Co. of Texas, 169 S.W.2d 500, (Tex.Civ.App.) 1943, writ dism.

■ Rule 354, T.R.C.P. as amended in 1962, contains a provision requiring the cost bond (appeal bond) or cash in lieu thereof, to cover the cost of the statement of facts and transcript. Since this rule, as now written, covers the cost of statement of facts and transcript, therefore upon the filing of the appeal bond, appellants were entitled to the statement of facts and transcript, regardless of their financial ability to pay for same. Thereafter, all that was necessary was a timely request for the preparation of same to the Court Reporter and Clerk of the trial court.

Rule 355, T.R.C.P. provides a method by which an appellant who is unable to pay the costs of appeal or give security therefor, may prosecute his appeal and obtain his record for appeal.

■ An appeal may be perfected either by filing appeal bond or by filing affidavit of inability of appellants to pay costs of appeal or give security therefor, but each is exclusive of the other. Brandon v. Tartt, 220 S.W.2d 672, (Tex.Civ.App.) 1949, no

writ history; DeMiller v. Yzaguirre, 143 S.W.2d 425, (Tex.Civ.App.) 1940, writ refused; Rule 363, T.R.C.P. Under either method an appellant may prosecute his appeal and obtain his record. In the instant case, it is not shown that appellants at any time filed an affidavit of inability to pay the costs of prosecuting their appeal.

Appellants' reason for not requesting the statement of facts and transcript earlier is not supported by any character of evidence other than the verified motion of their counsel. It appears to have been sworn to by their counsel on April 19, 1965.

■ It is clear that appellants permitted 55 days of their 60-day period to elapse before they ordered either the transcript or the statement of facts. There is no "good cause" shown for this delay. Rule 376, T.R.C.P. requires an appellant to promptly file with the Clerk his written direction for transcript. If he fails to do this, he must show "good cause" for his delay before he can secure an enlargement of time for the filing of the transcript in the Court of Civil Appeals. Rule 377, T.R.C.P. requires the same thing with reference to the statement of facts. Where an appellant delays in ordering the transcript and statement of facts without "good cause" for such delay, he cannot secure an enlargement of time for filing the same in the Court of Civil Appeals. Douglas v. Mercer, 124 S.W.2d 401, (Tex.Civ.App.) 1939, no writ history; United States v. Pacific Finance Corp., 270 S.W.2d 459, (Tex.Civ.App.) 1954, no writ history.

■ The question of "good cause" is an ultimate issue of fact for the determination of the Court of Civil Appeals. Harrison v. Benavides, 327 S.W.2d 610, (Tex. Civ.App.) 1959.

In construing Rule 386, the Supreme Court in the case of Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, held that a Court of Civil Appeals must not act arbitrarily in extending the time for filing the record

in such cases, but is authorized to extend the time only when good cause is shown.

According to the interpretation given to Rule 386, by the Supreme Court, appellant is charged with the duty of making some sort of showing as to why the record was not presented for filing to the Clerk of this court within the sixty days and is charged with the duty of furnishing satisfactory proof to this court that the delay was excusable. Otherwise, an order by this court authorizing the record to be filed would be an arbitrary action by the court. Appellant has not shown good cause in the instant case for extending the time for filing the transcript and statement of facts and our position is supported by the following authorities: Bowman v. Phillips Petroleum Co., 142 S.W.2d 540, (Tex.Civ.App.) no writ history; Hooe v. Texas Fire & Casualty Underwriters, 151 S.W.2d 310, (Tex. Civ.App.) no writ history; Rhodes v. Turner, 164 S.W.2d 743, (Tex.Civ.App.) no writ history; Douglas v. Wheeler, 306 S.W.2d 956, (Tex.Civ.App.) 1957, no writ history; Thomas v. International Harvester Company, 321 S.W.2d 650, (Tex.Civ. App.) 1959, no writ history.

Our Supreme Court has said in construing Rule 386, T.R.C.P.: "Obviously, that restriction left the Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript." Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, 590; Rule 386 is equally applicable to a statement of facts. Couch v. City of Richardson, 313 S.W.2d 949, (Tex.Civ.App.) 1958, writ refused, n. r. e.; Certiorari denied 359 U.S. 990, 79 S.Ct. 1120, 3 L.Ed.2d 979.

No court takes pleasure in denying to a litigant the right to have his case reviewed on appeal. But where, as in this case, a lack of diligence on the part of appellants accounts for the failure to comply with Rule 386, we are given no choice. Matlock v. Matlock, supra; Couch v. City of Richardson, supra.