**Paul N. WHITT, Appellant,**

v.

**Harry HARTGRAVES et al., Appellees.**

**Mo. No. A 1479.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1967.

Rehearing Denied Feb. 23, 1967.

Pfeiffer & Gittinger, San Antonio, for appellant.

James R. Warncke, F. Nolan Welmaker, San Antonio, for appellees.

PER CURIAM.

Appellant, Paul N. Whitt, filed his motion for an extension of thirty days within which to file his transcript and statement of facts because of press of business of the court reporter. This motion has been contested by appellees, Harry Hartgraves et al., on the ground that good cause has not been shown. Final judgment was entered in this cause on November 9, 1966, and this motion was filed on January 16, 1967, same being the sixty-eighth day after entry of judgment.

Rule 386, Texas Rules of Civil Procedure, requires the appellant to "file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, *showing good cause to have existed within such sixty-day period* why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." (Emphasis added.)

Rule 376, T.R.C.P., requires the appellant to promptly request his transcript and Rule 377, supra, requires the same with reference to the statement of facts. Furthermore, Rule 386, supra, contemplates that appellant will use due diligence in preparing and filing the record. Dellerman v. Trager, Tex. Civ.App., 327 S.W.2d 667, writ dism'd. The affidavits filed herein show that appellant did not request the statement of facts until January 5, 1967, and did not request the transcript until Monday, January 9, 1967. No explanation is given by appellant for his delay in requesting either the statement of facts or the transcript. The record does not show when the transcript was completed.

■ The burden is upon appellant to show by sworn statement that "good cause" existed during the sixty-day period allowed by Rule 386, why the record could not have been filed within that period. Here the contrary is shown, in that the court reporter's affidavit states that if the statement of facts would have been requested as late as January 1, 1967 (the 53rd day), he could have timely completed the statement of facts.

■ The provisions of Rule 386, supra, are mandatory and jurisdictional and· must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Consolidated Casualty Ins. Co. v. Wade, Tex.Civ. App., 373 S.W.2d 841, writ dism'd. Good cause has not been shown for appellant's delay in requesting the transcript and statement of facts. Wigley v. Taylor, 393 S.W. 2d 170 (Tex.Sup.1965); Williams v. Williams, Tex.Civ.App., 392 S.W.2d 539, no writ; Dellerman v. Trager, supra; Harrison v. Benavides, Tex.Civ.App., 327 S.W. 2d 610, no writ.

The motion for extension of time is denied.

On Motion for Rehearing.