**Paul Crawford JAHANT, Appellant,**

v.

**Octavia B. OGDEN et vir, Appellees.**

**No. A 1732.**

Court of Civil Appeals of Texas.

San Antonio,

Feb. 7, 1968.

M. W. Garcia, Jr., San Antonio, for appellant.

Bond Davis, Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellees.

On Motion to Extend Date for Filing Transcript and Statement of Facts.

PER CURIAM.

Appellant filed this motion on January 24, 1968, for an extension of time within which to file the transcript and statement of facts and appellees have contested said motion. Final judgment was entered on September 9, 1967, and appellant's amended motion for new trial was overruled by operation of law on November 13, 1967. Appellant duly filed his bond on November 29, 1967.

The record does not show any other steps taken by appellant to perfect his appeal until this motion for extension of time was filed. As good cause for said extension, appellant, through his attorney, avers that this is a child custody suit and that he did not determine to proceed with this appeal until after the child had returned from a

visit to appellees in New York from December 23 to December 30, 1967, in accordance with said judgment. The motion does not show when appellant requested the transcript or statement of facts, but even if requested on December 30th, that was the 47th day after the motion for new trial was overruled.

Rule 386, Texas Rules of Civil Procedure, requires the appellant to "file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." These provisions are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App. —San Antonio 1967, no writ).

Rule 376, T.R.C.P., requires the appellant to promptly request his transcript, and Rule 377, supra, requires the same with reference to the statement of facts. The fact that appellant did not decide to appeal this case until over 47 days after the motion for new trial was overruled is not good cause for failure to timely file this record. Dellerman v. Trager, 327 S.W.2d 667 (Tex.Civ.App.—San Antonio 1959, writ dism'd). See also: Wigley v. Taylor, 393 S.W.2d 170 (Tex.Sup.1965); Patterson v. Hall, 421 S.W.2d 921 (Tex.Civ.App.—Austin 1967, no writ); Whitt v. Hartgraves, supra; Williams v. Williams, 392 S.W.2d 539 (Tex.Civ.App.—Tyler 1965, no writ).

Appellant's motion for extension of time is denied.