Donald W. SANDERS, Appellant,

v.

Agnes MACHICEK, Appellee.

No. 352.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 18, 1970.

Rehearing Denied April 15, 1970.

Marvin O. Teague, Houston, for appellant.

Robert G. Devlin, Banister, Boswell & O'Toole, Houston, for appellee.

BARRON, Justice.

This is a suit filed by Agnes Machicek against Donald W. Sanders, wherein plaintiff alleged that she, at various times, made loans to defendant at his request. The total loans were alleged to be $5,951.-94, and such alleged loans were not evidenced by a writing of any kind. Plaintiff alleges that she demanded payment of defendant, but that he had refused and still refuses to repay the money or any part thereof though the debt was alleged to be due and owing at the time of the filing of plaintiff's petition. Defendant answered by general denial.

The trial court submitted four special issues to the jury, and findings were to the effect that loans were made to defendant by plaintiff, that the transactions did not constitute gifts from plaintiff to defendant, that $2,080.00 was the sum which defendant should repay to plaintiff, and that September 1, 1969 was the definite period of time for which the loans were made, payment being due on that date as originally agreed. Trial was completed and verdict was received on May 21, 1969.

Both parties made written motions for judgment, the defendant alleging that under the findings the debt was not then due and that the suit was prematurely brought and should be dismissed. The plaintiff's

motion for judgment included a written request that special issue number 3b (which found September 1, 1969 as the due date of the loan) be disregarded by the trial court and that judgment be entered for plaintiff. On June 23, 1969, the trial court re-set the hearing on the motions for judgment for September 8, 1969, and there was no objection by either party to the trial court's action. On September 8, 1969, after a hearing on the motions, the trial court rendered judgment in favor of plaintiff, Agnes Machicek. Defendant, Sanders, has perfected his appeal from that judgment.

We are faced with a peculiar situation in that the jury found on May 21, 1969 that the debt sued upon was not due as originally made until September 1, 1969. The trial court, however, rendered final judgment in plaintiff's favor on September 8, 1969, after the indebtedness had become due and owing according to the specific findings of the jury.

Appellant's record before this Court consists of a transcript and briefs. No statement of facts was brought forward for review.

■ If the action of the trial court in rendering judgment for plaintiff on September 8, 1969 after the due date had passed is incorrect standing alone (which we do not hold), for all we can determine a deemed finding by the court that the debt became due on the theory of anticipatory breach of the agreement between plaintiff and defendant might have been established by the evidence as a matter of law, and the trial court might have found that such anticipatory breach occurred prior to the date of trial. The trial court's implied or deemed finding to that effect would not, in our opinion, conflict with the jury findings actually and expressly made. Moreover, without a statement of facts before us, the trial court could have disregarded special issue number 3(b) as being immaterial or as having no support in the evidence. Appellee timely made a motion to disregard such issue, and without a statement of

facts, we must hold that the trial court had the power to and was justified in doing so. Rule 301, Texas Rules of Civil Procedure.

■ There were no objections of any kind made to the court's charge to the jury. In the absence of a statement of facts it is to be presumed that independent grounds of recovery on which no issue was submitted or requested were conclusively established under the evidence, and that the evidence did not make such grounds issuable. McPherson v. Black, 346 S.W.2d 615 (Tex.Civ.App.), writ ref., n. r. e. And see Livezey v. Putnam Supply Co., 30 S. W.2d 902, 905 (Tex.Civ.App.), writ ref.; T. A. Manning & Sons, Inc. v. Ken-Tex Oil Corp., 418 S.W.2d 324, 326 (Tex.Civ. App.), writ ref., n. r. e.

■ In the absence of a statement of facts, every presumption must be indulged in favor of the judgment, including the existence of such facts as are necessary to support it. See Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365.

The judgment of the trial court is affirmed.