**VANITY FAIR PROPERTIES, Appellant,**

v.

**Nancy BILLINGSLEY et al., Individually and d/b/a The Shower Stall, Appellees.**

No. 14959.

Court of Civil Appeals of Texas, San Antonio.

Oct. 28, 1970.

Berman, Fichtner & Mitchell, Jay S. Fichtner, Dallas, for appellant.

Michael Hunter, San Antonio, for appellees.

PER CURIAM.

On October 9, 1970, appellant, VanityFair Properties, A Joint Venture, filed its motion seeking an extension of forty-five days for filing the Statement of Facts in our Cause No. 14959, Vanity Fair Properties, A Joint Venture v. Nancy Billingsley and Pat A. Girard, Individually and d/b/a The Shower Stall. A corrected judgment was entered after a non-jury trial on August 6, 1970; appellant's motion for new trial was overruled on August 10, 1970, by an order containing notice of appeal; and the appeal bond filed on September 3, 1970. The transcript was timely filed on October 9, 1970.

Appellant's motion for extension of time and appellees' controverting reply are supported by affidavits of the official Court Reporter for the 131st Judicial District Court of Bexar County, Texas. From these two affidavits, the following facts are uncontroverted. The first contact appellant or its counsel had with the Court Reporter regarding preparation of the Statement of Facts was by long distance telephone on October 8, 1970, when same was requested. The Court Reporter advised at such time that it would take some thirty to forty-five days to complete the Statement of Facts. The Reporter averred that because of the time necessary to prepare the record in a case tried subsequent to the case in controversy but ordered on August 26, 1970, he would have been unable to timely complete the Statement of Facts in this case, even if ordered the latter part of August.

Rule 377(c), Texas Rules of Civil Procedure, inferentially, requires an appellant, after giving notice of appeal, to "promptly" request preparation of a Statement of Facts. In Patterson v. Hall, 430 S.W.2d 483, 486 (Tex.1968), the Supreme Court considered the meaning to give to the relative term "promptly". It was held that such term means a reasonable time when all attendant facts and circumstances surrounding the act to be performed are considered. The following rule was adopted: "We hold,

therefore, that when a timely motion for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, could not, after request was made, prepare the part of the record requested in time for filing with the clerk of the court of civil appeals within sixty days after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of 'good cause' for the extension, has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given."

Here the Statement of Facts was not ordered until fifty-nine days after the order overruling appellant's motion for new trial was signed and some thirty-five days after the appeal bond was filed. Although the motion for extension was timely filed, no explanation whatsoever is given for such delay in ordering the Statement of Facts. Rather, appellant seeks to justify such delay as immaterial in view of the affidavit by the Reporter that he would have been too busy to have timely prepared the record in any event. Such opinion, even if correct, was unknown to appellant throughout the period of unexplained delay. The transcript although timely filed was not ordered until October 8, 1970.

It has been held that good cause was not shown by excessive and unexplained delays of even shorter periods of time before the Statement of Facts was ordered. See Wigley v. Taylor, 393 S.W.2d 170 (Tex.1965); Jahant v. Ogden, 424 S.W.2d 457 (Tex.Civ. App.—San Antonio 1968, no writ); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ. App.—San Antonio 1967, no writ); Williams v. Williams, 392 S.W.2d 539 (Tex. Civ.App.—Tyler 1965, no writ). Good cause has not been shown here.

The motion is denied.