A. E. RAUB, et al., Appellants,

v.

**HILSHIRE VILLAGE, Appellee.**

No. 416.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 6, 1971.

Rehearing Denied Jan. 27, 1971.

Raymond M. Hill, Houston, for appellants.

Paul Strong, Beyrt H. David, Houston, for appellee.

BARRON, Justice.

Within the 60-day period prescribed by Rule 386, Texas Rules of Civil Procedure, the appellants, Claire H. Browning and others, have filed in this Court their motion for extension of time for filing statement of facts. The transcript accompanies the motion and both were filed July 17, 1970. The trial court rendered judgments in these non-jury cases, which have been consolidated for purposes of appeal, on May 19, 1970, and appeal bonds were filed in the consolidated case on June 17, 1970. Motions for new trial were not filed.

The motion for extension of time was filed in this Court on July 17, 1970 only one day before the 60-day period would normally have expired, but which would

have been extended until July 20, 1970 because the final day fell on a Saturday. Rule 4, T.R.C.P. Affidavits by the trial court reporter, however, show that request for statement of facts was not made by appellants until July 16, 1970, only two days before the 60-day period normally would have expired. Appellants assign as their reasons for such delay an effort on their part to determine portions of the statement of facts which are not needed for proper review of this case on appeal. However, the record further shows that appellants did not mail to appellee or its counsel, and file with the clerk of the court, a designation in writing of the portions of the evidence desired, as required by Rule 377(c), T.R.C.P., which requires that such designation be made "promptly" after notice of appeal is given.

■ Considering the above facts, appellants' motion for extension of time to file statement of facts fails to disclose good cause for failure to file statement of facts within the time allowed by the Rules of Civil Procedure. See Reinhardt v. Joe P. Martinez, Inc., 439 S.W.2d 478 (Tex.Civ. App.1969), no writ; Jahant v. Ogden, 424 S.W.2d 457 (Tex.Civ.App.1968), no writ. And see Wigley v. Taylor, 393 S.W.2d 170 (Tex.Sup.1965).

■ Appellants' attempt to justify such delay as immaterial in view of the affidavit of the reporter that he would have been too busy to have timely prepared the record in any event must also fail. Delay in ordering the statement of facts cannot be excused for such reasons when it is considered that such order was placed only two days before the normal expiration of the 60 days allowed and only four days before the extension allowed by the Rules. Under the circumstances, good cause is not re-

lated to the above. Vanity Fair Properties v. Billingsley, 464 S.W.2d 159 (Tex.Civ. App.), Court of Civil Appeals, San Antonio, October 28, 1970, No. 14959.

■ But appellants contend that their motion for rehearing filed in this Court on September 23, 1970 plus additional instruments filed on August 18, 19, and 21, 1970 in support of their motion for extension of time for filing statement of facts create fact issues for this Court to determine that the extension should be granted. The 15-day period for filing under Rule 386 in addition to the 60-day period expired on August 4, 1970, without additional affidavits or motion by appellants. These documents are not entitled to consideration, because they were not filed within the 60-day and 15-day periods fixed by Rule 386. Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.1967), no writ. This Court overruled appellants' motion for extension of time on August 12, 1970. And while we believe that the facts do not alter our decision in any event, appellants' motion for rehearing is not entitled to consideration. Appellants are confined to the record existent at the time of the order under these circumstances. Exchange Estates, Inc. v. Donaldson, 412 S.W. 2d 780 (Tex.Civ.App.1966), no writ.

The motion for extension of time is denied.

■ In the absence of a statement of facts we must presume that the evidence introduced at the trial fully supported the judgment rendered by the trial court. Each of appellants' points of error require consideration of evidence. Amberson v. Wheeler, 312 S.W.2d 438 (Tex.Civ.App. 1958), no writ. And see Englander Co. v. Kennedy, 428 S.W.2d 806 (Tex.Sup.1968). The judgment of the trial court is affirmed.