**Leon DANNER, Appellant,**

v.

**AETNA LIFE INSURANCE COMPANY et al., Appellees.**

No. 17411.

Court of Civil Appeals of Texas, Fort Worth.

June 22, 1973.

Thos. R. Hartnett III, Dallas, for appellant.

Shannon, Gracey, Ratliff & Miller, and Kleber C. Miller, Fort Worth, for appellee, Aetna Life Ins. Co.

Rex McEntire, per se, and George Busch, Fort Worth, for appellee, Rex McEntire.

OPINION

LANGDON, Justice.

This appeal complains of the action of the trial court in sustaining a special exception and dismissing two causes of action which had been consolidated and in finding that Aetna, one of the appellees, was a stakeholder and entitled to attorney's fees.

In order to clarify the problems involved on this appeal the actions taken in three separate causes of action, each filed in a different district court, are hereinafter described.

On December 19, 1967, Cause No. 51034–C was filed in the 96th District Court, Tarrant County, Texas, by Leon Danner, against the appellee, Aetna Life

Insurance Company, to collect benefits on a disability insurance policy. Appellee, Rex McEntire, was Danner's attorney. Aetna filed its answer in this suit. Shortly after the commencement of trial on the merits Cause No. 51034–C was settled according to a notation on the docket sheet but no judgment was entered. This suit involved only two parties, i. e., Leon Danner, the appellant herein, and Aetna, an appellee herein. The only issues involved related to the benefits, if any, to which Danner was entitled under the insurance policy. The settlement agreement entered into and executed by Danner and Aetna involved no issues other than Danner's benefits under said policy. The appellee McEntire was never at any time a party to this cause of action. His only connection with it was as the attorney for Danner.

After the above Cause No. 51034–C was settled, a dispute arose between the appellant Danner and the appellee McEntire over attorney's fees. McEntire's position is that under an oral agreement with Danner he was entitled to one-third of the $5,380.56 paid by Aetna at the time the suit was settled and one-fourth of each of the future monthly payments to be paid for an indefinite period of time by Aetna to Danner under the settlement agreement. The one-third of the $5,380.56 was paid on settlement of the case. Aetna, upon receiving notice of the dispute, made the $400.00 monthly checks payable to both McEntire and Danner. It is Danner's contention that there was never any agreement or understanding with McEntire that would entitle the latter to one-fourth ($\frac{1}{4}$) of each of his $400.00 monthly payments.

At this point it should be stated that the pleadings in Cause No. 51034–C and the settlement agreement executed therein made no mention of and raised no issue concerning attorney's fees due McEntire from Danner.

On September 11, 1969, Cause No. 58227–C was filed in the 48th District Court, Tarrant County, Texas, by the appellant, Leon Danner, against the appellees, Aetna and McEntire. This case involved the dispute between Danner and McEntire over the attorney's fees growing out of the original case filed in 1967 which dispute was above described.

Appellee, McEntire, filed his original answer and cross-action in Cause No. 58227–C and Aetna filed its original answer and interpleader in said cause. On January 4, 1971, McEntire filed his First Supplemental Answer in such cause. Thus, as of this time all of the parties to this appeal were properly joined as parties in Cause No. 58227–C which primarily involved the dispute between McEntire and Danner over the alleged oral contract between them regarding the payment of attorney's fees.

On January 20, 1971, the appellee McEntire (apparently upon discovering that no final judgment had ever been entered in Cause No. 51034–C by the Judge of the 96th District Court) filed a motion for judgment in that cause. The motion for judgment which was set down for hearing on January 28, 1971, read in part, "Now comes REX McENTIRE, Attorney for the Plaintiff herein and moves the Court to enter judgment as follows:

"1. Dismissing this cause with prejudice with costs adjudged against the Defendant (Aetna).

"2. Setting attorney's fees in the amount of $\frac{1}{3}$ of $5,380.56 and $\frac{1}{4}$ of each monthly payment paid by Aetna Life Insurance Company to Leon Danner pursuant to the Agreement for Settlement in this cause. In this connection the undersigned would show the Court that prior to the time this case went to trial the Plaintiff had verbally assigned a $\frac{1}{3}$ interest in the Aetna Life Insurance Company Group policy sued upon in this case; that at the time the settlement was made, during the trial of this cause, the undersigned attorney agreed to reduce his fee from $\frac{1}{3}$ to $\frac{1}{4}$ on all future payments paid by Aetna Life Insurance Company to the Plaintiff. (Signed by appellee, McEntire.)" (It

should be emphasized that the reference in paragraph "2" above to attorney's fees "pursuant to the Agreement for Settlement in this cause" does not appear in the agreement executed by Danner and Aetna or elsewhere in the record.)

The docket sheet reflects the date of January 28, 1971, however, the judgment itself reflects that on January 29, 1971, the trial judge of the 96th District Court entered judgment dismissing Cause No. 51034-C. In the judgment of dismissal the settlement agreement between Danner and Aetna was set forth in full and approved. It was also recited that Aetna had paid the sum of $5,380.56 and the first monthly payment of $400.00 and has satisfied the judgment down to the payment due in April, 1969. The court recited further that Aetna had tendered all payments due under the judgment. The judgment then recited and held that there was an oral agreement between McEntire and Danner concerning attorney's fees and that such agreement was precisely what McEntire had claimed and that accordingly he was entitled to $100.00 out of each $400.00 monthly check. The judgment so provided although McEntire was not a party to the suit and the attorney's fees were not the subject matter of any pleadings on file in the case. In effect the judgment in the 1967 Cause No. 51034-C passed upon and resolved all issues between the parties who had been properly joined in Cause No. 58227-C in the 48th District Court prior to the entry of judgment in Cause No. 51034-C.

Prior to the entry of judgment in the latter Cause on January 29, 1971, the appellant filed for leave to file a petition for a writ of mandamus with this Court and the Supreme Court of Texas, both of which were refused.

On August 30, 1971, the appellant Danner filed suit in Cause No. 67-9171-71 in the 67th District Court against the appellees, Aetna and McEntire. Danner later filed his first amended original petition in this cause. McEntire filed his answer and special exception in this cause and Aetna filed its original answer and interpleader therein.

The two Causes No. 58227-C in the 48th and No. 67-9171-71 in the 67th District Court were consolidated and proceeded under Cause No. 58227-C in the 48th District Court.

Cause No. 67-9171-71 sought to set aside the judgment of the 96th District Court in Cause No. 51034-C by way of Bill of Review.

The exception filed by the appellee, McEntire, that was later sustained, was in Cause No. 67-9171-71 in the 67th District Court which was consolidated with the main cause of action, No. 58227-C, in the 48th District Court. No exception was filed in the latter cause or in the consolidated cause.

On October 16, 1972, the learned trial judge of the 48th District Court entered judgment in the consolidated case. The judgment in part recites, "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

"1. That the Special Exception of Defendant Rex McEntire be, and it hereby is, in all things sustained.

"2. That Plaintiff's alleged causes of action in the consolidated cases be, and they hereby are, dismissed.

"3. That Defendant Aetna Life Insurance Company is an innocent stakeholder: IT IS ORDERED:

"(a) That Aetna Life Insurance Company recover from the funds deposited in the registry of the Court in this consolidated cause the sum of $1,400.00 as reimbursement for Attorneys' fees;

"(b) That if this case is appealed, and if the Court's finding that Aetna Life Insurance Company is an innocent stakeholder is affirmed, the Defendant Aetna Life Insurance Company shall further recover from the funds deposited in the registry of the

Court in this consolidated cause an additional sum of $1,400.00 as reimbursement for Attorneys' fees. . . ."

This appeal is from the above described judgment in the consolidated cause carried under Cause No. 58227–C rendered by the learned trial judge of the 48th District Court.

The appeal is based upon three points of error. The first two are directed at McEntire and the third at Aetna.

Points of Errors Nos. one and two directed at the appellee, McEntire, assert error on the part of the court in sustaining the special exception and dismissing the cause because the 48th District Court had first obtained jurisdiction over the subject matter and the judgment of another court (96th) relating to the same subject matter is void for it lacked jurisdiction over the subject matter.

The third point involving Aetna asserts error on the part of the court in finding that Aetna was a stakeholder and entitled to attorney's fees.

There is no statement of facts reflecting the proceedings which resulted in the judgment rendered in the case appealed from. The only statement of facts before us is in Cause No. 51034–C out of the 96th District Court.

We will reverse the order in which the three points are presented and first discuss point No. 3 directed at Aetna.

■ In the absence of a statement of facts this Court must presume that there was sufficient evidence and that the Court acted within its discretion in approving the interpleader of and allowing attorney's fees to the appellee Aetna. Sanders v. Machicek, 453 S.W.2d 511 (Houston, Tex.Civ. App., 14th Dist., 1970, error ref., n.r.e.); Hodges v. Central Bank & Trust Company, 463 S.W.2d 41 (Texarkana, Tex.Civ.App., 1971, no writ hist.), and Raub v. Hilshire Village, 463 S.W.2d 261 (Houston Civ. App., 14th Dist., 1971, err. ref., n.r.e.).

■ Granting a party's right to interplead is within the sound discretion of the trial court. Barnett v. Woodland, 310 S. W.2d 644 (Austin, Tex.Civ.App., 1958, ref., n.r.e.); Reid v. Uhlhorn, 359 S.W.2d 278 (San Antonio, Tex.Civ.App., 1962, err. dism.). See also 33 Tex.Jur.2d, § 2, p. 116, and cases cited thereunder.

The third point of error directed at the appellee Aetna is overruled. The case against Aetna is severed from the case involving the controversy between Danner and McEntire.

We next discuss the first two points directed at the appellee McEntire.

Before any further discussion and regardless of some expressed opinions to the contrary, we wish to state that we are convinced that under the record before us each of the parties involved in the three causes of action herein described acted in good faith and that each was convinced that his position and action was proper.

With this in mind, we make the following observations.

Had the appellant Danner perfected a timely appeal from the judgment in the 96th District Court in Cause No. 51034–C, this entire matter would have been simplified. Failure to perfect such a timely appeal would be fatal if the 96th District Court had acquired jurisdiction over the subject matter and the parties affected by its judgment.

The cause of action in No. 67–9171–71 in the 67th District Court by way of a Bill of Review should properly have been filed in the 96th District Court, where the judgment complained of was rendered. An exception to this pleading was probably good but we are not required to rule upon its propriety.

■ The judgment rendered by the 96th District Court was subject to collateral attack because it was a void judgment. We find and hold that such judgment was void because the court did not have any juris-

diction over the subject matter or all of the parties affected by its judgment. The appellee McEntire was not a party to that suit. He, Aetna and Danner were all parties to Cause No. 58227–C originally filed in the 48th District Court. The latter court first acquired jurisdiction over the subject matter of the suit, i. e., the oral agreement involving attorney's fees out of Aetna's future payments, over which the appellee McEntire and appellant Danner were at odds. The 96th District Court never acquired jurisdiction over the subject matter or all of the parties.

We sustain the two points of error directed at the appellee McEntire and accordingly reverse and remand to the trial court for a trial on the merits that part of the case involving the dispute between McEntire and Danner represented by the pleadings filed therein.

That portion of the judgment involving the severed action against Aetna is affirmed.