**Opinion issued April 30, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00528-CV

————————————

**CHERYL M. PATTERSON AND AUNDRELL PATTERSON, Appellants**

**V.**

**AMERICAN GENERAL LIFE INSURANCE COMPANY, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-02556**

---

## MEMORANDUM OPINION

This case arises from an interpleader action filed by American General Life Insurance Company concerning a life insurance policy it issued for Lonnie J. Patterson, Jr. After Lonnie, Jr. died, appellants Cheryl M. Patterson, Aundrell Patterson and Lonnie J. Patterson, Sr. each asserted a claim to the policy proceeds.

The trial court found American General to be an innocent stakeholder subject to rival claims with respect to the policy proceeds and granted it interpleader relief. The trial court subsequently granted American General's motion to dismiss Cheryl and Aundrell's counter-claims with prejudice. Cheryl and Aundrell challenge the trial court's dismissal of their counter-claims and its grant of interpleader relief to American General.

We affirm.

## Background

The operative facts of this case are largely undisputed. On May 3, 2007, American General issued a life insurance policy for Lonnie J. Patterson, Jr. The policy initially named Lonnie, Jr.'s father, Lonnie J. Patterson, Sr., the primary beneficiary and his mother, Cheryl M. Patterson, the contingent beneficiary. American General subsequently received a change of beneficiary for the policy, naming Lonnie, Jr.'s mother, Cheryl, and, his sister, Aundrell Patterson, as primary co-beneficiaries. American General acknowledged and confirmed this change in a November 2007 letter to Lonnie, Jr.

Lonnie, Jr. passed away on October 8, 2009, and American General acknowledged that it was obligated to pay the insurance proceeds upon proof of Lonnie, Jr.'s death. Both Cheryl and Aundrell filed a proof of claim within the month, each requesting payment of fifty percent of the death benefits payable

2

under the policy. After learning of the change in beneficiary, Lonnie, Sr. also sent three letters to American General challenging the validity of that change and alleging that he was the policy's owner/ primary beneficiary. Lonnie, Sr. argued, inter alia, that Aundrell fraudulently changed the beneficiary designation and/or that Lonnie, Jr. lacked the mental capacity to make the change. Lonnie, Sr. also informed American General that he would seek legal counsel if this matter was not resolved in his favor.

In light of Lonnie, Sr.'s letters challenging the validity of that change, American General pleaded that it was unable to determine which party was entitled to the policy proceeds and on January 14, 2010, filed a petition in interpleader against Lonnie, Sr., Cheryl, and Aundrell, that claimed it to be an innocent stakeholder subject to rival claims to the policy proceeds. American General, confirmed Lonnie, Sr. as the policy's originally named primary beneficiary, but acknowledged receipt of the November 2007 change the beneficiary request.

Lonnie, Sr., Cheryl, and Aundrell all subsequently filed answers, cross-claims against one another, and counter-claims against American General. In their jointly filed first amended counter-claim against American General, Cheryl and Aundrell asserted multiple causes of actions, including breach of contract, unfair insurance practices, as well as violations of chapter 542 of the Insurance Code (e.g., delay in payment, breach of duty of good faith and fair dealing, and

misrepresentation of material facts). All of Cheryl's and Aundrell's counter-claims against American General were based upon American General's decision to file the interpleader rather than distribute the policy proceeds to them.

After considering American General's motion for deposit of funds into registry and approval of interpleader's attorneys' fees, the trial court granted American General interpleader relief on August 2, 2010. In its order, the trial court expressly found that American General was subject to bona fide competing and adverse claims to the policy proceeds, was unable to determine to whom the proceeds belonged, and that the interpleader action was proper because the company was subjected to double or multiple liabilities for the policy proceeds. The trial court granted American General's interpleader and awarded its $2,500 in attorneys' fees.

On March 7, 2011, the trial court granted American General's motion for summary judgment seeking dismissal of Lonnie, Sr. and appellants' counter-claims. The trial court ordered that Lonnie, Sr., Cheryl, and Aundrell each take nothing on their claims against American General, and dismissed all of the claims against American General with prejudice. The trial court also awarded American General an additional $25,000 in attorneys' fees.

The following month, on April 4, 2011, the trial court granted Cheryl's and Aundrell's motion for summary judgment against Lonnie, Sr. and awarded Cheryl

and Aundrell all of the policy proceeds, minus the attorneys' fees that it had previously awarded to American General.

After Cheryl and Aundrell dismissed their remaining cross-claims against Lonnie, Sr. with prejudice, the trial court issued its "final judgment" on April 12, 2011, which incorporated all of its prior interlocutory orders.

## Discussion

Appellants to raise two general issues on appeal: (1) the trial court erred (or abused its discretion) when it granted American General's interpleader based upon insufficient evidence, and (2) the trial court erred when it granted American General's motion for summary judgment and dismissed appellants' counter-claims with prejudice.

### Interpleader

Appellants contend that the trial court erred (or abused its discretion) when it granted American General's interpleader based upon insufficient evidence. Specifically, that as the party claiming to be an innocent stakeholder, American General, had the burden of proof to show its entitlement to interpleader relief. Such a showing required, appellants argue, proof that Lonnie, Sr.'s claim was a "bona fide" rival claim (which it could do only if it investigated the claim first) and that it had a "reasonable doubt" as to who to pay. Appellants contend that American General presented no evidence at the hearing on its request for

5

interpleader relief, only arguments of counsel. American General, in response, contends that "[t]he Interpleader Order is supported by ample evidence from the record," including the three letters from Lonnie, Sr.

Rule 43 of the Texas Rules of Civil Procedure authorizes a defendant who receives multiple claims to property in its possession to join all claimants in one lawsuit and deposit the disputed property into the registry of the court. TEX. R. CIV. P. 43; *see also Petro Source Partners, Ltd. v. 3–B Rattlesnake Ref. (1990), Ltd.*, 905 S.W.2d 371, 375 (Tex. App.—El Paso 1995, writ denied). The purpose of interpleader is to allow an innocent stakeholder facing rival claims to let the courts decide who is entitled to the fund and thus avoid the peril of acting as judge and jury itself and relieve itself of the vexation and expense of multiple litigation and the risk of multiple liability. *Petro Source Partners*, 905 S.W.2d at 375. An interpleading party is entitled to relief after establishing that the party: (1) is either subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; (2) has not unreasonably delayed filing his action for interpleader; and (3) has unconditionally tendered the fund or property into the registry of the court. *Id.*

Although the parties agree that a trial court's grant of interpleader relief is generally reviewed for an abuse of discretion, *see Bryant v. United Shortline Inc. Assurance Servs., N. A.*, 972 S.W.2d 26, 31 (Tex. 1998), appellants contend that

the trial court's grant of interpleader relief in the present case is subject to de novo review because it was presented in the context of a motion for summary judgment. The record, however establishes that the trial court granted American General interpleader relief on August 2, 2010, after considering American General's motion for deposit of funds into registry and approval of interpleader's attorneys' fees. American General's only motion for summary judgment in this case, seeking dismissal of Lonnie, Sr. and appellants' counter-claims, was filed nearly six months later. The trial court granted American General's motion for summary judgment eight months after it issued its interlocutory order granting interpleader relief. As the trial court's grant of interpleader relief was not presented in the context of a motion for summary judgment, our review of the trial court's grant of interpleader relief will be for an abuse of discretion. *See Bryant*, 972 S.W.2d at 31.

In doing so, we must resolve every reasonable doubt in favor of a stakeholder's right to interplead. *See Bryant*, 972 S.W.2d at 31; *see also Petro Source Partners*, 905 S.W.2d at 375 (citing *Citizens National Bank of Emporia v. Socony Mobil Oil Co., Inc.*, 372 S.W.2d 718, 722 (Tex. Civ. App.—Amarillo 1963, writ ref'd n.r.e.)). The party complaining of an abuse of discretion has the burden to present a record showing the abuse. *See Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987).

Although there was a hearing on American General's motion for interpleader relief on June 14, 2010—which, given American General's burden of proof and request for attorneys' fees, should have been an evidentiary hearing—no reporter's record has been filed. Without a transcript, we cannot know for certain what evidence—if any—was presented to the trial court at this hearing. Thus, there is no record evidence from which we can determine that the trial court abused its discretion in ruling that the interpleader action was appropriate. *See Danner v. Aetna Life Ins. Co.*, 496 S.W.2d 950, 953 (Tex. Civ. App.—Fort Worth 1973, no writ) ("Granting a party's right to interplead is within the sound discretion of the trial court."). Accordingly, given the record before us, we hold that the trial court did not abuse its discretion when it granted American General's motion for interpleader relief. *See Bryant*, 972 S.W.2d at 31 (stating that appellate courts must affirm trial court's interpleader order absent showing of abuse of discretion).

**Motion for Summary Judgment**

Appellants contend that the trial court erred when it granted American General's motion for summary judgment and dismissed their counter-claims against American General with prejudice.

After American General filed the underling interpleader action, appellants filed counter-claims against American General alleging breach of contract, unfair insurance practices, numerous violations of chapters 541 and 542 of the Insurance

8

Code, breach of the duty of good faith and fair dealing, and misrepresentation of material facts. Several months after the trial court found that American General's interpleader was proper, American General filed for summary judgment on appellants' counter-claims, arguing that it was entitled to have these claims automatically discharged by way of interpleader, citing to *Clayton v. Mony Life Ins. Co. of Am.*, 284 S.W.3d 398, 401 (Tex. App.—Beaumont 2009, no pet.), *Petro Source Partners*, 905 S.W.2d at 378 and *Cable Commc'ns Network, Inc. v. Aetna Cas. & Sur. Co.*, 838 S.W.2d 947, 949–51 (Tex. App.—Houston [14th Dist.] 1992, no writ). American General further argued that even if that were not the case, it was nonetheless entitled to summary judgment on these claims because, inter alia, they disproved at least one element of each claim, and/or appellants' allegations did not constitute a cause of action as a matter of law.

Appellants contend that because American General's interpleader tender of the policy proceeds did not result in the automatic dismissal of their independent, pre-interpleader claims, which can only be resolved on summary judgment or after a trial on the merits, American General was not entitled to summary judgment on their counter-claims. *See Clayton*, 284 S.W.3d at 405 (stating that interpleader tender does not serve to discharge all liability claims that arose prior to interpleader, such claims must be resolved on their merits). Appellants further argue that American General failed to meet its burden of proof.

9

Here, appellants' counter-claims were resolved on the merits by way of American General's motion for summary judgment. Although appellants argue that American General failed to disprove at least one element of each of their causes of action, they do not attempt to address their various counter-claims separately, cite to any case law setting forth the elements of any of their counter-claims, or identify which elements American General has allegedly failed to disprove.

We hold that this issue has been inadequately briefed on appeal, and we overrule it. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Stephens v. Dolcefino*, 126 S.W.3d 120, 129–30 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding challenges waived by lack of adequate briefing).

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

10